# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN DOE | Case No. |
| Plaintiff | Judge: |
| v. | MOTION FOR LEAVE TO PROCEED ANONYMOUSLY |
| LITTLE MIAMI SCHOOL DISTRICT, ET AL | |
| Defendants | |

Plaintiff respectfully requests leave to proceed anonymously as "John Doe." Plaintiff is challenging a governmental action in an area that has garnered much political controversy. The circumstances of this case are such that publicizing John Doe's identity could invite reaction within the community and could present a very real risk of harassment and threats. Indeed, as shown *infra.,* Plaintiff has already been doxed by people outside of his immediate community who are critical of his views.

## MEMORANDUM

This Court has the discretion to allow a party to proceed anonymously under a pseudonym. *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x 423, 425 (6th Cir. 2001). Under the Sixth Circuit approach, in exercising its discretion, this Court is required to balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *Id.* Plaintiff acknowledges that there is a strong public policy in favor of public access to judicial proceedings, however Plaintiff respectfully suggests that this case falls within the exception that parties are permitted to proceed under pseudonyms under certain circumstances. *Citizens for a Strong Ohio v. Marsh*, No. 04-3112, 123 F. App'x 630, at *636 (6th Cir. 2005). The Sixth Circuit describes the factors to be considered:

1

(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004), *citing Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). The Court may also consider whether a defendant would be forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

In this case, Plaintiff is suing to challenge a governmental activity. While this is not a facial challenge to a government or school policy, the decision in this case is likely to impact other teachers in the Little Miami community and State-wide because Plaintiff is challenging how schools interpret the newly enacted Ohio Parents Bill of Rights. *See Doe v. Mitchell,* S.D.Ohio No. 2:20-cv-00459, 2020 U.S. Dist. LEXIS 220750, at *19 (Nov. 24, 2020) (plaintiff permitted to proceed anonymously in challenge against governmental application of city policy).

Related to this reason, publicizing John Doe's identity could invite further reaction within the community and could present a very real risk of harassment and threats. In addition to the *Porter* factors, "Courts have also considered whether the plaintiffs would risk suffering injury if identified…" *Doe v. City of Detroit*, E.D.Mich. Civil Action No. 18-cv-11295, 2018 U.S. Dist. LEXIS 118787, at *3 (July 17, 2018), *citing Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). *See also Doe v. Whitmer,* W.D.Mich. No. 1:19-cv-422, 2019 U.S. Dist. LEXIS 164345, at *4 (July 1, 2019) (granting leave to proceed anonymously where plaintiff's prior interactions with the public supported a concern of "he and/or his family being subjected to similar harassment in the future"); *Roe v. Adams-Gaston*, S.D.Ohio No. 2:17-cv-945, 2017 U.S. Dist. LEXIS 181930, at *2 (Nov. 2, 2017) (permitting student to proceed anonymously in a case involving a challenge to a school disciplinary action in part because plaintiff was "challenging a governmental activity").

2

In *Porter*, for example, the court reviewed letters to the editor of local newspapers that threatened harassment of the plaintiffs. 370 F.3d at 560-61.  Here, in a sign of the changing times, Plaintiff's concern mostly focuses on online activity.  Plaintiff has already, in connection with this matter, been doxed – defined as the nonconsensual publication of an individual's private personal information, usually with the intent to shame or embarrass that person by members of the community who oppose his actions.[1]  One post on-line included Plaintiff's name and photograph under the headline "Woke Teacher Exposed in Little Miami."



---

[1] Webster's defines "dox" as: "to publicly identify or publish private information about (someone) especially as a form of punishment or revenge."  Dox, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/dox.

(*See* Exhibit attached to Motion (photograph and name redacted here).)  Another Post was headlined, "Little Miami Teacher busted for Indoctrination" and accused John Doe of "pushing an agenda" and "turn[ing] history class into a social justice seminar."[2]



**Little Miami Schools Scoop**
2d · 🌐

**Little Miami Teacher busted for indoctrination.**

**This teacher isn't teaching history — he's pushing an agenda. He openly admits he doesn't want a "neutral" image because it might "erase" LGBTQ+ representation. He frames disagreement with his flag as wanting certain groups to be "hated."**

The post ends by accusing John Doe of "gaslighting" parents then asking, perhaps ominously, "What do you think should happen with teachers like this?"

**No more sneaking ideology into the classroom under the guise of "inclusion."**

**No more gaslighting parents who want actual education, not indoctrination.**

**Little Miami deserves better than teachers who treat disagreement as "hate."**

**Parents — it's time to speak up.**

**What do you think should happen with teachers like this?**

---

[2] The Posts appear to quote from John Doe's emails on the matter, which presumably obtained pursuant to a public records request.

Notably, many of the posts doxing John Doe are from people outside of the Little Miami School District who seek to pursue broader cultural fights over gender and other hot-button issues in schools.[3]

Courts in other situations have granted leave to proceed anonymously where Plaintiffs were able to demonstrate a history of doxing. *Orr v. Trump*, D.Mass. No. 1:25-cv-10313-JEK, 2025 U.S. Dist. LEXIS 48976, at *4-5 (Mar. 18, 2025) (plaintiff granted leave to proceed anonymously where "there has been targeted harassment… including through doxxing"); *FBI Agents Ass'n v. United States Dep't of Just.*, 2025 U.S. Dist. LEXIS 22848, 2025 WL 436050, at *2 (D.D.C. Feb. 4, 2025) (when retaliatory concerns bear "troubling" consequences, including doxing, pseudonymity is warranted); *Doe v. Noem*, S.D.Cal. No. 25-cv-926-RSH-BLM, 2025 U.S. Dist. LEXIS 78482, at *19-20 (Apr. 24, 2025) (permitting parties to proceed anonymously where there has been "harassment or doxing" of individuals who opposed government actions). *Cf. Doe v. Garland,* E.D.Mich. No. 2:23-CV-10053-TGB-JJCG, 2023 U.S. Dist. LEXIS 250349, at *6 (Feb. 8, 2023) (allowing to proceed anonymously, noting that "While Plaintiff has not received specific threats from members of her community… the nature of her allegations support a finding that her concerns of such risks are reasonable."); *Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) (Lawson, J.) (finding that transgender employee's fear of violence if her identity was publicized was justified even absent evidence of specific threats and harassment).

Defendants will not suffer any harm by permitting Plaintiff to proceed as anonymously, as Defendant is aware of the identity of Plaintiff.

---

[3] Some of the Posts in Exhibit A are from Darbi Boddy, a former Lakota school board member who has initiated fights over how schools address gender and racial issues. *See e.g. https://www.wvxu.org/tags/darbi-boddy* (collecting news articles).

5

*Wherefore*, Plaintiff should be granted leave to proceed anonymously.

Respectfully submitted,

  /s/ Joshua Engel
Joshua Adam Engel (OH 0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com