**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| JOHN DOE | Case No. |
| Plaintiff | Judge: |
| v. | MOTION FOR EXPEDITED DISCOVERY |
| LITTLE MIAMI SCHOOL DISTRICT, ET AL | |
| Defendants | |

Plaintiff respectfully requests an Order of this Court for limited expedited discovery in anticipation of a hearing on the Motion for a Preliminary Injunction. A Proposed Order accompanies this Motion.

The discovery requested is only a small portion of the discovery that ultimately to be pursued in this case. The limited initial discovery sought is limited to documents related to the decision by Defendants to order the removal of a Hate Has No Home Here Flag and a limited number of depositions to be conducted by videoconference.[1]  Plaintiff seeks:

(i)     All documents concerning the decision by Little Miami School Board to order the removal of the Hate Has No Home Here Flag;

(ii)    All correspondence and communications regarding the Hate Has No Home Here Flag including, but not limited to, any complaints received by parents;[2]

---

[1] Plaintiff anticipates an obligation to produce reciprocal discovery and, also, that additional discovery may be necessary as the case proceeds.  Plaintiff's Proposed Order requires the party to confer on the scope any additional and reciprocal discovery and seek the Court's assistance only if necessary.

[2] This likely includes communications with outside counsel on this issue.  The Board has waived any attorney-client privilege over communications with the Board's counsel about this issue by disclosing some of the emails from counsel in response to public records requests.  *See In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289 (6th Cir. 2002) (disclosure of privileged

1

(iii)   All documents concerning policies for classroom displays including, but not limited to, the classroom display policy considered by the School Board in 2024;

(iv)   All documents concerning the drafting and adoption of Board Policy 5780.01, entitled Parents' Bill of Rights.

(v)   All documents concerning disruption or interference in the classroom or elsewhere in the school related to the Hate Has No Home Here Flag;

(vi)   All documents concerning whether the Hate Has No Home Here Flag constitutes "sexuality content" a defined by R.C. 3113.473(G)(5) and/or Board Policy 5780.01;

(vii)   The ability to take no more than five depositions by videoconference.

## MEMORANDUM

Plaintiff, a teacher at Little Miami Schools, brought this action, *inter alia*, for violation of his constitutional free speech rights related to the efforts of School Board to remove a small classroom flag bearing the message "Hate Has No Home Here." The flag, which had hung in John Doe's classroom for approximately four years without generating any complaints, displayed five hands holding heart-shaped icons representing, among other things, the American flag, a peace sign, a rainbow Pride flag, and a transgender Pride flag.

Plaintiff seeks preliminary injunctive relief.   Federal Rule of Civil Procedure 26(d) "vests the district court with the discretion to order expedited discovery" upon "good cause" shown.  *Russell v.*

---

documents for one purpose waived the privileges that might otherwise protect that information); *In re King's Daughters Health Sys.*, 31 F.4th 520, 528 (6th Cir. 2022) (party's "disclosure of some information… waived its privilege over the related, undisclosed information"); *United States ex rel. Dorsa v. Miraca Life Sciences, Inc.*, M.D.Tenn. No. 3:13-cv-01025, 2024 U.S. Dist. LEXIS 172327, at *14 (Sep. 24, 2024) ("by disclosing some communications… [party] has waived privilege as to all communications on this topic").  Plaintiff's Proposed Entry requires the production of a privilege log to assist in the Court's resolution of this issue, if necessary.

*Lumpkin,* S.D.Ohio No. 2:10-cv-00314, 2010 U.S. Dist. LEXIS 55243 (May 11, 2010), *citing Lemkin v. Bell's Precision Grinding,* S.D.Ohio No. 2:08-CV-789, 2009 U.S. Dist. LEXIS 126739 (June 1, 2009).

Expedited discovery is necessary to allow the Plaintiff to obtain information to present to the Court in support of the Motion for a Preliminary Injunction. Plaintiff does not have access to these essential materials.  Courts have generally found that this constitutes "good cause" and have permitted expedited discovery for this purpose. *See e.g Russell,* , 2010 U.S. Dist. LEXIS 55243, at *5 ("the requested discovery is limited and narrowly tailored to the issue central to Plaintiffs' requested injunctive relief"); *Tri Cty. Wholesale Distribs. v. Labatt USA Operating Co., LLC*, S.D.Ohio No. 2:13-CV-317, 2013 U.S. Dist. LEXIS 200651, at *4-5 (Apr. 22, 2013) (permitting expedited discovery where "factual matters… relate directly to the substance of Plaintiff's motion for preliminary injunction"); *RGN-USF, LLC v. Megatron Workspaces of Michigan*, LLC, E.D.Mich. No. 2:25-cv-10967, 2025 U.S. Dist. LEXIS 200404, at *8 (Oct. 9, 2025) ("a motion for a preliminary injunction is pending, a factor that weighs in favor of an expedited schedule" for discovery); *Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266-CEJ, 2012 U.S. Dist. LEXIS 53827, at *2 (E.D. Mo.) ("Expedited discovery is generally appropriate in cases, such as this, where a party is attempting to prepare for a preliminary injunction hearing."); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (ordering expedited discovery prior to hearing on preliminary injunction because it would "better enable the court to judge the parties' interests and respective chances for success on the merits"); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (noting that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.").

Finally, Plaintiff notes the possibility that discovery could implicate student records protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. This Court has held that "federal law—namely FERPA—does not create an absolute privilege as to

3

the release of education records." *Doe v. Ohio Hi-Point School Dist. Bd. of Edn.*, S.D.Ohio No. 2:20-cv-4798, 2022 U.S. Dist. LEXIS 230223, at *12 (Dec. 21, 2022).  To the extent FERPA may apply, Defendants can comply with FERPA through redactions of personal identifying information in order to prevent the disclosure of information protected by FERPA consistent with Sixth Circuit law on this issue.  *United States v. Miami Univ.*, 294 F.3d 797, 824 (6th Cir. 2002) ( "Nothing in the FERPA would prevent the Universities from releasing properly redacted records.").  Alternatively, the parties can submit for the Court's approval a proposed protective Order.

**Wherefore,** this Court should Order expedited discovery to allow Plaintiff to obtain information in the possession of Defendants to present to the Court in support of the Motion for a Preliminary Injunction.

Respectfully submitted,

  /s/ Joshua Engel
Joshua Adam Engel (OH 0075769)
Jim Hardin (0056247)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

4