**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| JOHN DOE | : | |
| Plaintiff, | : | Case No: 1:26-cv-00351-MWM |
| Vs. | : | Judge: Matthew W. McFarland |
| LITTLE MIAMI LOCAL SCHOOL | : | |
| DISTRICT, et. al. | : | |
| Defendants | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR
EXPEDITED DISCOVERY**

Defendants Little Miami Local School District and David Wallace, in his official capacity, respectfully oppose Plaintiff's Motion for Expedited Discovery (Doc. #4). The motion should be denied because Plaintiff cannot establish good cause under Federal Rule of Civil Procedure 26(d). Every document and communication material to the Board's February 25, 2026 decision, and every document relevant to Plaintiff's Motion for Preliminary Injunction, has already been produced to opposing counsel.

**I. Legal Standard**

Rule 26(d)(1) prohibits a party from seeking discovery before the parties have conferred under Rule 26(f) unless the Court orders otherwise upon a showing of good cause. Good cause is absent when the information sought is already available to the movant or already part of the record. Plaintiff cannot show good cause because the requested and available records have already been produced.

**II. The Responsive Record Is Already Before the Court**

Plaintiff requests documents concerning (i) the Board's decision, (ii) all communications regarding the poster (including parent complaints), (iii) classroom-display policies, (iv) the drafting and adoption of Board Policy 5780.01, (v) any disruption or interference, and (vi) whether the poster constitutes "sexuality content." (Doc. #4 at 1–2). All of those categories are already fully addressed in the record Defendants shared with opposing counsel on 4/11/2026 and intend to file with the court prior to the hearing:

- All approved board policies relating to classroom displays or otherwise are publicly available on BoardDocs accessible to the public and to Plaintiff at any time.:

  https://go.boarddocs.com/oh/lmls/Board.nsf/Public?open&id=BPZL9Q51FB2F

  All board meeting minutes and adopted policies are available on this portal. In addition, all recorded board meetings are publicly available on the district youtube channel. The discussion relating to any classroom display policy that was not adopted in 2024 can be found there and is easily accessible to Plaintiff. (Defendants notes for the record an objection as to relevance of discovery relating to a different policy that was not adopted, occurred prior to the law changing with the Parent's Bill of Rights, and was under a prior board with several different members.)

- Official Board minutes from the 1/28/2026, 2/25/2026 and 3/3/2026 meetings and the relevant transcripts have been shared (Exhibit A_1, A_2, B, C, D and E). These are the meetings which include discussion of this matter at issue before the court.

- Board Policy 5780.01 and the governing statute (Ex. F). The Plaintiff requests all documents concerning the drafting and adoption of this policy. This policy was drafted by the NEOLA organization as is noted at the bottom of the policy and distributed to schools

for adoption. The board meeting adopting the policy and the meeting minutes are all accessible to the public online including to Plaintiff and Plaintiff's counsel.

- The email chain forwarded to the board for consideration relating to the matter (Ex. G_1 and Ex. G_2).

- All other District emails produced in response to public-records requests regarding this matter (Ex. H).

- The replacement poster image (Ex. I).

Therefore, the responsive records have already been produced.

**III. Plaintiff's Request for Depositions Is Unnecessary**

Plaintiff also seeks leave to take up to five depositions by videoconference. That request should be denied. The operative facts surrounding the Board's action are fully reflected in the written record shared and will be filed with the court. Plaintiff identifies no specific, non-cumulative testimony that is unavailable from the Board minutes, the official Board Statement, the emails, and Plaintiff's own written statements for purposes of their motion for preliminary injunction.

**IV. Plaintiff's Privilege Argument Does Not Create Good Cause**

Plaintiff's privilege argument does not create good cause for expedited discovery. Defendants acknowledge waiver only as to the specific counsel communications disclosed in Exhibit G-1, together with the attachments in Exhibit G-2. That is the email chain forwarded to the Board for consideration in connection with the Board's deliberation on whether the poster triggered the procedures of Board Policy 5780.01. Exhibit H reflects the broader public-records production by the District relating to this matter and, because it consists of email chains, includes some of the

same emails within larger or later chains. Those disclosed materials encompass the counsel communications produced concerning the Board's deliberation on whether the poster triggered the procedures of Board Policy 5780.01. Board counsel did not offer any opinion as to whether the poster did or did not violate the policy. Rather, counsel's communications were limited to explaining the procedures and standards the Board could apply in making its own determination under Board Policy 5780.01. There is therefore no live privilege dispute requiring expedited discovery and no basis for any blanket order compelling additional attorney-client communications for purposes of Plaintiff's preliminary-injunction motion.

## VI. Conclusion

Plaintiff has failed to show good cause for expedited discovery as everything requested has already been produced. Depositions are unnecessary for purposes of addressing Plaintiff's motion for preliminary injunction. Therefore, the motion should be denied.

Respectfully Submitted,

/s/ Omar Tarazi
Omar Tarazi (0084165)
5635 Sandbrook Lane
Hilliard, Ohio 43026
Ph:     (614) 226-2823
Fax:    (614) 319-4242
otarazi@tarazilaw.com

## Certificate of Service

I hereby certify that on 4/11/2026, a copy of the foregoing was served on the Plaintiff's counsel via email.

/s/ Omar Tarazi
Omar Tarazi (0084165)