**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| JOHN DOE | Case No. 1:26-cv-00351-MWM |
| Plaintiff | Judge: Matthew W. McFarland |
| v. | REPLY TO RESPONSE TO MOTION FOR LEAVE TO PROCEED ANONYMOUSLY |
| LITTLE MIAMI SCHOOL DISTRICT, ET AL | |
| Defendants | |

Plaintiff respectfully submits this Reply to the Response to Plaintiff's Motion for Leave to Proceed Anonymously.  (Doc#2, Doc#9.)

This Court recently observed that "the public's right to open judicial proceedings" may be outweighed "by the compelling interest that serves the public in granting [a] Motion [for Leave to Proceed Anonymously] in order to prevent a chilling effect on similar privacy litigation."  *M.O. v. Brightview LLC*, S.D.Ohio No. 1:25-cv-00015-JPH, 2025 U.S. Dist. LEXIS 14265, at *5-6 (Jan. 27, 2025).  Defendant does not contest that Plaintiff has been the subject of online doxing and harassment. (Exhibit, Doc#6-1.)  Releasing the identity of Plaintiff on the public docket would only minimally serve the public's interest while providing dangerous ammunition to malicious actors who seek to deter Plaintiff and others from pursuing actions for violations of constitutional rights through online harassment.  Accordingly, applying the factors set forth in *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004), because the privacy interests in this case substantially outweigh the presumption of openness of judicial proceedings, Plaintiff should be permitted to proceed by pseudonym.

1

**REPLY MEMORANDUM**

Defendant does not address the *Porter* factors used by the Sixth Circuit to guide this Court in the exercise of its discretion to allow a party to proceed anonymously under a pseudonym. *Porter*, 370 F.3d at 561.   Most significantly, Defendants do not suggest that Defendants will be prejudiced in any manner if the Court grants the Motion or that permitting Plaintiff to proceed under a pseudonym would deprive the defendants of sufficient information to defend against Plaintiff's case.   Nor do Defendants make any effort to distinguish the cases cited by Plaintiff holding that the threat of continued doxing may support leave to proceed anonymously.   *See* Pl. Memo. at PageID#22 (collecting cases).   *See also Doe v. Fashion Inst. of Technology*, S.D.N.Y. , 2025 U.S. Dist. LEXIS 20150, at *6 (Feb. 4, 2025) (granting motion to proceed anonymously where plaintiff had been harassed online and expressed concern that she risked "further online harassment, doxing, and threats").

Plaintiff has presented the Court with specific evidence supporting his belief that if his name is attached to this litigation, he will face doxing and harassment online.   (Exhibit, Doc#5-1.) Defendants, instead of addressing this evidence or the *Porter* factors, argue that Plaintiff's identity is already known in some instances because his name appears in public records.[1]   Def. Memo. at PageID#69.   Defendants do not provide this Court with any cases holding that proceeding anonymously in litigation is automatically precluded permitted once the name of a plaintiff is publicly available elsewhere.   Moreover, Defendants' argument fails to take into account that *Porter* and the cases originally cited by Plaintiff are concerned with *future* harms faced by plaintiffs as a result of pursuing a challenge to governmental activity.   A party whose pseudonym motion is denied will find

---

[1] Plaintiff observes that even though his name is in some public records, professional media coverage of this matter has refrained from identifying his name. *See e.g.*
https://www.facebook.com/WCPO9/videos/905384455831936 (declining to identify Plaintiff and noting that teacher feared retaliation if identified); https://www.foxnews.com/media/ohio-teacher-sues-high-school-demanding-he-remove-lgbt-poster-inside-classroom (describing Plaintiff as an "anonymous teacher identified only as 'John Doe' in legal documents")

cold comfort in the fact that the glare of the legal spotlight might in some small measure also be the result of the fact that his or her name appears elsewhere in a public record. This does nothing to alleviate the discernible chill by those who fear litigating under their own names when challenging controversial governmental actions.[2]

In other courts in the Sixth Circuit, where plaintiffs seek to challenge government policies, courts have permitted plaintiffs whose names appeared in public records to proceed anonymously in order to prevent future harassment which might chill a willingness to bring such cases. *Doe v. Whitmer*, W.D.Mich. No. 1:19-cv-422, 2019 U.S. Dist. LEXIS 164345 (July 1, 2019); *Doe v. Snyder*, E.D.Mich. No. 12-11194, 2012 U.S. Dist. LEXIS 54492, at *5 (Apr. 18, 2012). In *Whitmer*, the plaintiff sought to challenge aspects of the state's sex offender registry law. The plaintiff's conviction of a sex offense was a public record and he had faced harassment from members of the community as a result. He was permitted to proceed anonymously in order to avoid the possibility that "he and/or his family being subjected to similar harassment in the future." The court concluded that "the public interest is poorly served by, in effect, compelling a litigant to choose between securing his family's safety and enforcing his fundamental constitutional rights." 2019 U.S. Dist. LEXIS 164345, at *4-5. Similarly, in *Snyder*, the court granted a motion noting that while the plaintiffs' "personal information and status as sex offenders may already be available to the public" there was still a legitimate concern that "their

---

[2] Defendants assert that "Anonymity at this stage would therefore amount to a legal fiction." Def. Memo. at PageID#69. Defendants press this analogy without explaining why this is a bad thing. A "legal fiction" is merely "an assumption that something is true even though it may be untrue." Black's Law Dictionary (12th ed. 2024). Indeed, even if this were a "legal fiction," it would be a desirable legal fiction because it helps achieve a just result; legal fictions at common law typically are designed to achieve convenience, consistency, equity, or justice. *United States v. Coward*, 151 F.Supp.2d 544, 550 (E.D.Pa. 2001) ("'no fiction shall extend to work an injury; its proper operation being to prevent a mischief, or remedy an inconvenience, that might result from the general rule of law.'"), *quoting* III William Blackstone, *Commentaries on the Laws of England*.

association with this lawsuit, which challenges governmental action, is not known to the public." 2012

U.S. Dist. LEXIS 54492, at *5. [3]

Finally, Defendants generally suggest that "the logic of Plaintiff proceeding as John Doe…

would extend to protecting the identity of Defendants and Defendant witnesses[4] in this case as they

are all similarly situated." Def. Memo at PageID#70. Not so. Defendants are not ordinary private

citizens with interests relating solely to their personal life. Rather, they are a public entity and an

elected official.[5] As the *Porter* decision acknowledges, there is a public interest in exposing state activity

that violates constitutional principles which is advanced by preserving Plaintiff's anonymity that is not

present for public entities and government officials (particularly elected officials). *See Doe v. Syracuse

Univ.*, N.D.N.Y. Civil Action No. 5:18-CV-0496, 2018 U.S. Dist. LEXIS 154899, at *18 (Sep. 10, 2018)

("When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest

in proceeding anonymously."); *Doe v. City of Indianapolis*, S.D.Ind. No. 1:12-cv-00062, 2012 U.S. Dist.

LEXIS 24686, at *4 (Feb. 27, 2012) ("Generally, where a plaintiff attacks governmental activity, such

---

[3] In *Doe v. Lee*, M.D.Tenn. No. 3:22-cv-00569, 2023 U.S. Dist. LEXIS 47395, at *8 (Mar. 21, 2023), a court denied a motion to proceed anonymously where the plaintiff's "convictions… are public record." However, unlike this case where Plaintiff has provided specific evidence of doxxing, the plaintiff in *Lee* presented only generalized concerns about harm to his professional reputation. More apt may be recent cases involving ICE enforcement (admittedly, a more politically charged situation). In these cases, courts have permitted parties to proceed anonymously after submitting news article reflecting instances where enforcement actions by ICE have been accompanied by harassment or doxing of foreign students who opposed the U.S. government. *See Doe v. Noem,* S.D.Cal. No. 25-cv-926-RSH-BLM, 2025 U.S. Dist. LEXIS 78482, at *19-20 (Apr. 24, 2025) (collecting cases).

[4] Plaintiff shares Defendants' concerns about doxing and harassment of witnesses. Plaintiff suggests the Court can address these concerns as they arise. Plaintiff further notes that, in the Complaint, Plaintiff avoided using the names of individuals like the principal and superintendent for this reason. Plaintiff would urge Defendants to do the same if practicable.

[5] Defendants make no effort to differentiate between the two Defendants although they are very different. The School District is a public entity, not a person who could be doxed. Wallace is an elected official who is subject to different rules, such as the *Sullivan* actual malice standard in defamation cases.

as a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong.").

     ***Wherefore***, Plaintiff should be granted leave to proceed anonymously.

                                 Respectfully submitted,

                                 _/s/ Joshua Engel_____
                                 Joshua Adam Engel (OH 0075769)
                                 Jim Hardin (0056247)
                                 ENGEL AND MARTIN, LLC
                                 4660 Duke Drive, Ste 101
                                 Mason, OH 45040
                                 (513) 445-9600
                                 (513) 492-8989 (Fax)
                                 engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's electronic filing system this April 13, 2026 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel