**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| JOHN DOE | Case No. 1:26-cv-00351-MWM |
| Plaintiff | Judge:  Matthew W. McFarland |
| v. | |
| LITTLE MIAMI SCHOOL DISTRICT, ET AL | REPLY TO RESPONSE TO MOTION FOR EXPEDITED DISCOVERY |
| Defendants | |

Plaintiff respectfully submits this Reply to Defendants' Response to Plaintiff's Motion for Expedited Discovery.  (Doc#4, Doc#8.)

**1.      Defendants Concede There is Good Cause For Discovery And Fail To Address The Rule 26(b)(1) Proportionality Factors**

Defendants do not contest that some expedited discovery is appropriate in this case to allow the Plaintiff to obtain information in the custody and control of Defendants to present to the Court in support of the Motion for a Preliminary Injunction.  *See* Pl. Memo. at PageID#50 (collecting cases indicating that this constitutes "good cause" for expedited discovery).  Most importantly for the purposes of this Motion, Defendants do not suggest that the discovery sought by Plaintiff is (i) not relevant to any party's claim or defense; or (ii) not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Compare* Fed.R.Civ.P. 26(b)(1).

**2.      Defendants' Response Is Not Sufficient**

Defendants assert that "Every document and communication material to the Board's February

1

25, 2026 decision, and every document relevant to Plaintiff's Motion for Preliminary Injunction, has already been produced to opposing counsel." Def. Memo. at PageID#65. This does not appear to be accurate. In particular, while Defendant has provided a limited number of documents, including an email string about the Hate Has No Home Here Flag, Plaintiff seeks additional documents, including

- External correspondence and communications regarding the Hate Has No Home Here Flag including, but not limited to, any complaints received by parents;
- documents concerning policies for classroom displays
- documents concerning the drafting and adoption of Board Policy 5780.01, entitled Parents' Bill of Rights.
- documents concerning disruption or interference in the classroom or elsewhere in the school related to the Hate Has No Home Here Flag; and
- documents concerning whether the Hate Has No Home Here Flag constitutes "sexuality content" a defined by R.C. 3113.473(G)(5) and/or Board Policy 5780.01.

For example, other than one or two emails from Mr. Wallace, Defendants have not produced any communications to, form, or between Board members about any of the issues identified in these categories.[1] Defendants also have not produced a privilege log which would permit an assessment of whether the disclosure of some attorney-client communications acts as a waiver of all other communications on this issue.[2] *See* Pl. Memo. at PageID#48 n. 2 (discussing possible waiver issue).

Further discovery is necessary in this case because Defendants' assert that "the Board acted under Ohio's Parents' Bill of Rights and Board Policy 5780.01 in determining whether the display triggered parental-notification and opt-out procedures." Def. Motion to Dismiss, Doc.10, PageID#72. Of course, "the government rarely flatly admits it is engaging in viewpoint discrimination" and "the recitation of viewpoint-neutral grounds may be a mere pretext for an

---

[1] Plaintiff has asked Defendants' counsel for Defendants' position on whether documents retained on the individual cell phones or email accounts of Board Members and administrators will be produced in response to a Rule 34 request (or, alternatively, whether subpoenas will be necessary).

[2] Plaintiff did not suggest that Defendants' waiver of privilege created "good cause." *Compare* Def. Memo. at PageID#67. Plaintiff has raised the waiver issue to suggest that there may be additional discoverable documents that Defendants chose to not provide in response to public records requests.

invidious motive" *Ridley v. Mass. Bay Trans. Auth.*, 390 F.3d 65, 86 (1st Cir. 2004), *citing Cornelius v. NAACP Legal Defense & Educational Fund*, 473 U.S. 788, 811 (1985) (cautioning that the "existence of reasonable grounds for limiting" speech "will not save a regulation that is in reality a facade for viewpoint-based discrimination"). *See also Pittsburgh League of Young Voters Edn. Fund v. Port Auth.*, 653 F.3d 290, 297 (3d Cir. 2011) ("the recitation of a nondiscriminatory rationale is not sufficient standing alone because it could be a cover-up for unlawful [viewpoint] discrimination").

Plaintiff, and this Court, need not accept Defendants' proposed justifications at face value. "Because the excuses offered for refusing to permit the fullest scope of free speech are often disguised, a court must carefully sort through the reasons offered to see if they are genuine." *Olivieri v. Ward*, 766 F.2d 690, 691 (2d Cir. 1985). The Supreme Court has indicated that the "principal inquiry in determining content neutrality" is "whether the government has adopted a regulation of speech because of disagreement with the message it conveys." *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). Permissible areas of inquiry may include: statements made by government officials concerning the reasons for an action; disparate treatment towards people or things sharing the characteristic that was the nominal justification for the action; the historical background of the decision; the specific sequence of events leading up to the decision; departures from normal procedures or substance; and *post hoc* rationalization. *Am. Freedom Defense Initiative v. Wash. Metro. Area Transit Auth.*, 901 F.3d 356, 365-66, 438 U.S. App. D.C. 172 (D.C. Cir. 2018), *citing Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 267 (1977).[3]

---

[3] The *Ridley* court said:

> There are various situations which will lead a court to conclude that, despite the seemingly neutral justifications offered by the government, nonetheless the decision to exclude speech is a form of impermissible discrimination. Three are relevant here. First, statements by government officials on the reasons for an action can indicate an improper motive. Second, where the government states that it rejects something because of a certain characteristic, but other things possessing the same characteristic are accepted, this sort of underinclusiveness raises a suspicion that the stated neutral

Further discovery is necessary because, when First Amendment concerns are involved, this Court "may not simply assume that [a decision by local officials] will always advance the asserted state interests sufficiently to justify its abridgement of expressive activity." *City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, (1986) *quoting City Council v. Taxpayers for Vincent*, 466 U.S. 789, 803 n.22, (1984).   Discovery in this action may show that the Board's purported reasons for over-ruling the Superintendent and ordering the removal of the Hate Has No Home Here Flag was pretextual in light of the history of animus towards LGBTQ individuals from some Board members.  (Complaint ¶¶ 13, PageID#4-5.)   *See Stuart v. City of Scottsdale,* D.Ariz. No. CV-17-01848, 2023 U.S. Dist. LEXIS 141977, at *7 (Apr. 28, 2023) (permitting discovery in viewpoint discrimination claim into motivation of decision-maker), *citing Dehne v. Hill,* 74 F.App'x 794, 795 (9th Cir. 2003) (plaintiff permitted to attempt to show that content of speech from the podium "was a substantial or motivating factor" in application of policy to remove him from meeting); *Sheets v. Pribble*, M.D.Fla. No. 2:25-cv-500-, 2026 U.S. Dist. LEXIS 49702, at *7-8 (Mar. 11, 2026) (where evidence was presented that rationale for restricting speech "was merely a pretext… That is enough to unlock the doors to discovery").  *Cf. Natl. Council of Arab Ams. v. City of New York*, 478 F.Supp.2d 480, 494 (S.D.N.Y. 2007) (evidence obtained in discovery showed possibility that "the City's purported justifications for denying Plaintiffs' permit application were a pretext for content based discrimination").[4]

---

ground for action is meant to shield an impermissible motive. Third, suspicion arises where the viewpoint-neutral ground is not actually served very well by the specific governmental action at issue; where, in other words, the fit between means and ends is loose or nonexistent.

390 F.3d at  87 (citations omitted). *See also Pittsburgh League of Young Voters Edn. Fund,* 653 F.3d at  297 (adopting *Ridley* factors).

[4] Defendants suggest that depositions are not necessary, but provide no authority for this claim and, more importantly, do not suggest that depositions will be unduly burdensome.  Def. Memo. at PageID#67.  Plaintiffs are entitled to develop more facts than might appear in written documents and also discover the anticipated testimony of witnesses. *See Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D.Pa.1993) ("The underlying purpose of a deposition is to find out what a witness saw, heard, or did -- what the witness thinks."); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 277 F.R.D. 286, 297

**3.      The Parties Should Confer On A Joint Proposed Discovery Plan**

In light of the willingness of Defendants to provide expedited discovery and the failure to suggest that expedited discovery will be unduly burdensome, Plaintiff respectfully request that the Court require the parties to confer and provide the Court with a proposed Joint Discovery Plan on or before April 17, 2026.

*Wherefore***,** this Court should Order expedited discovery and require the parties to confer and provide the Court with a proposed Joint Discovery Plan on or before April 17, 2026.

Respectfully submitted,

  /s/ Joshua Engel
Joshua Adam Engel (OH 0075769)
Jim Hardin (0056247)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's electronic filing system this April 13, 2026 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel

---

(E.D. Va. 2011) ("The purpose of a deposition is to memorialize testimony or to obtain information that can be used at trial or that eliminates the pursuit of issues or that inform decisions as to the future course of the litigation.").