## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN DOE | : | |
| Plaintiff, | : | Case No: 1:26-cv-00351-MWM |
| Vs. | : | Judge: Matthew W. McFarland |
| LITTLE MIAMI LOCAL SCHOOL | : | |
| DISTRICT, et. al. | : | |
| Defendants | : | |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

Defendants Little Miami Local School District and David Wallace, in his official capacity,

respectfully move this Court, pursuant to Federal Rule of Civil Procedure 26(c), for an Order

staying discovery pending resolution of Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 10).

This motion is supported by the attached Memorandum in Support.

Respectfully Submitted,

/s/ Omar Tarazi
Omar Tarazi (0084165)
5635 Sandbrook Lane
Hilliard, Ohio 43026
Ph:     (614) 226-2823
Fax:    (614) 319-4242
otarazi@tarazilaw.com

**MEMORANDUM IN SUPPORT**

This Court has broad discretion to control the timing and scope of discovery. The Sixth Circuit has recognized that district courts possess "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 720 (6th Cir. 1999).

Defendants' Rule 12(b)(6) motion presents precisely such threshold legal issues that may dispose of the case or dramatically change its scope. Specifically, the motion asks the Court to decide, as a matter of law based on the facts as alleged in the Complaint and the documents incorporated by reference, whether the challenged display is properly characterized as protected private-citizen speech on a matter of public concern or instead as teacher-selected classroom expression in a public-school classroom subject to school regulation. That threshold determination will materially affect the permissible scope and focus of discovery. It likewise controls the "likelihood of success on the merits" analysis for Plaintiff's pending Motion for Preliminary Injunction. If the Court concludes that the challenged display, as alleged in the Complaint, is teacher-selected classroom expression subject to school regulation, then the governing constitutional inquiry becomes whether the Board's action was "reasonably related to legitimate pedagogical concerns," not an open-ended search into subjective motive. *Hazelwood School District v. Kuhlmeier*, 484 U.S. 260, 273 (1988). *Hazelwood* further explains that judicial intervention is warranted only where the restriction has "no valid educational purpose." *Id.* Under that framework, and the facts alleged in the Complaint, broad discovery into alleged animus, pretext, individual board-member comments, historical background, and related subjective thought processes is no longer materially relevant.

A stay is also warranted as a matter of sound judicial administration and public policy. Ohio school districts now operate under Ohio's Parents' Bill of Rights, ORC 3313.473, and under the Supreme Court's recent recognition that parents have constitutionally significant rights to notice and opt-out protections when classroom materials implicate LGBTQ-related subject matter. See *Mahmoud v. Taylor*, No. 24-297 (Jun. 27, 2025) (holding parents were entitled to preliminary injunctive relief where a school board denied notice and opt-outs for "LGBTQ+-inclusive" materials). That legal landscape creates an inherent and unavoidable tension for boards of education and superintendents across Ohio, who must make repeated judgment calls concerning books, posters, displays, lessons, and other classroom materials to determine whether "sexuality content" is merely incidental or triggers parental-notification and opt-out procedures. If every such gray-area judgment call can immediately trigger open-ended federal discovery into subjective motive, bad faith, or alleged "animus" while a Rule 12(b)(6) motion remains pending, school districts, such as Defendant, will be exposed to substantial litigation burdens from both teachers and parents challenging judgement calls they disagree with. A stay pending resolution of the threshold Rule 12(b)(6) issues in these cases is therefore the more orderly and fairer approach that does not impose undue burdens on school districts.

Plaintiff already possesses the core materials relevant to both the preliminary-injunction motion and the Rule 12(b)(6) motion (Exhibits A–K filed with Doc. #10). Broader discovery into motive and historical background is unduly burdensome and should not proceed until the Court determines that such issues remain materially relevant after resolving the threshold legal character of the speech pleaded in the Complaint. Because the same threshold classification issue controls both the viability of Plaintiff's First Amendment claim and the likelihood-of-success

analysis on the pending preliminary-injunction motion, a full stay of discovery pending resolution of the Rule 12(b)(6) motion is the fairer and more orderly course.

Respectfully Submitted,

/s/ Omar Tarazi_____
Omar Tarazi (0084165)
5635 Sandbrook Lane
Hilliard, Ohio 43026
Ph:     (614) 226-2823
Fax:    (614) 319-4242
otarazi@tarazilaw.com

### Certificate of Service

I hereby certify that on April 14, 2026, a true copy of the foregoing was served via the Court's CM/ECF system and by email on Plaintiff's counsel.

/s/ Omar Tarazi_____
Omar Tarazi (0084165)