**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| JOHN DOE | Case No. 1:26-cv-00351-MWM |
| Plaintiff | Judge: Matthew W. McFarland |
| v. | |
| LITTLE MIAMI SCHOOL DISTRICT, ET AL | RESPONSE TO MOTION TO STAY DISCOVERY |
| Defendants | |

Plaintiffs respectfully submits this Response to Defendant's Motion to Stay Discovery. (Doc#14.)

Plaintiff deserves to have these claims heard in a timely and efficient manner and a stay of discovery conflicts with this legitimate goal.  Defendant has not made a sufficient showing that this case presents the type of special circumstances necessary to overcome the high bar for such a motion in this Court.  Nor has Defendant shown that discovery would not impose precisely the same burden that nearly every defendant in this Court faces in civil litigation.  For these reasons, the Motion should be denied.

**MEMORANDUM**

Plaintiff does not contest that this Court "has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, S.D. Ohio No. 2:19-CV-191, 2019 U.S. Dist. LEXIS 84440, at *2 (May 20, 2019).  But that is only the start of the analysis.  This Court has noted that Defendants routinely file motions to stay discovery while a motion to dismiss is pending and, as a result, has had the opportunity to develop applicable standards. *Shanks v. Honda of Am. Mfg.*, S.D. No. 2:08-CV-1059, 2009 U.S. Dist. LEXIS 66732, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of

1

whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). This Court's decisions on this issue reveal two important guiding principles:

1.      This Court, "as a general rule" has not been inclined grant such motions. *Fortune-Hr, LLC v. Marsh & McLennan Agency, LLC*, S.D.Ohio No. 2:25-cv-0931, 2026 U.S. Dist. LEXIS 50176, at *4 (Mar. 11, 2026), *quoting Shanks, supra. See also Wilson v. ThyssenKrupp Elevator Corp.*, S.D.Ohio No. 2:20-cv-2138, 2022 U.S. Dist. LEXIS 9137, at *4 (Jan. 19, 2022); *Shelly & Sands, Inc. v. Dement*, S.D.Ohio No. 2:22-cv-4144, 2023 U.S. Dist. LEXIS 180770, at *4 (Oct. 6, 2023); *Young v. Mesa Underwriters Specialty Ins. Co.*, S.D.Ohio No. 2:19-cv-3820, 2020 U.S. Dist. LEXIS 193327, at *3 (Oct. 19, 2020); *EC New Vision Ohio, LLC v. Genoa Twp.*, S.D.Ohio No. 2:23-cv-691, 2023 U.S. Dist. LEXIS 120287, at *3 (July 12, 2023); *Wendy's Netherlands B.V. v. Levy*, S.D.Ohio No. 2:24-cv-3077, 2026 U.S. Dist. LEXIS 1522, at *6-7 (Jan. 6, 2026).

2.      This Court has imposed a "high bar" for defendants seeking to stay discovery, *Manns v. PHH Mtge. Servs.*, S.D.Ohio No. 2:22-cv-3507, 2023 U.S. Dist. LEXIS 142094, at *5 (Aug. 14, 2023). This Court has found that a stay may be appropriate only in "special circumstances," such as frivolous cases (usually brought by *pro se* plaintiffs), "where 'the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds,'" or 'where the motion to dismiss is based on lack of jurisdiction.'" *Ryan v. Flagstar Bank FSB*, S.D.Ohio No. 2:23-cv-484, 2023 U.S. Dist. LEXIS 68146, at *2 (Apr. 18, 2023), *quoting Shanks, supra,* and *Young, supra.*

Applying these principles to the facts of this case, a stay is not warranted.[1] Defendants have not raised any defense based on "special circumstances" such as threshold legal questions like immunity, jurisdiction, or the statute of limitations. *Cf. Roth v. President of Ohio Univ.,* S.D.Ohio No.

---

[1] Defendants fail to direct this Court to *any* prior decision beyond *Hahn v. Star Bank*, 190 F.3d 708, 720 (6th Cir. 1999), where a stay of discovery has been permitted. *Hahn* contains little discussion of *how* the Court should exercise the discretion to stay discovery, discretion that has been significantly cabined by this Court's subsequent 27 years of decisions on the issue.

Plaintiff notes two related facts about Defendants' Motion: (i) Defendants fail to address this significant body of law on this issue, particularly when the overwhelming weight of this Court's voluminous authority on this issue is contrary to Defendants' position; and (ii) Defendants' motion appears likely to rely on AI drafting. These facts do not render *this* motion frivolous, but they are troubling. *Cf.* Rule 3.3(a)(2) of the Ohio Rules of Professional Conduct (requiring candor to the tribunal); *Manns v. PHH Mtge. Servs.*, S.D.Ohio No. 2:22-cv-3507, 2023 U.S. Dist. LEXIS 142094, at *5 (Aug. 14, 2023) ("To be clear, [a motion to stay discovery] is a high bar, one which [defendant] does not appear to appreciate in the subject briefing.").

2

2:08-cv-1173, 2009 U.S. Dist. LEXIS 83160, at *5 (Aug. 18, 2009) (denying stay requests where "[n]othing about" pending motion "appears to distinguish it from the garden-variety Rule 12(b)(6) motion which is typically insufficient to justify granting a stay of discovery").  Instead, Defendants assert a generalized and speculative concern that school boards may be "exposed to substantial litigation burdens from both teachers and parents challenging judgement calls they disagreed with." Def Memo. at PageID#211.  Defendants' arguments, thus, fail to demonstrate that good cause exists to clear the high bar required to justify a stay of discovery.  Defendants have, beyond broad generalities that could apply in almost any First Amendment case, failed to make any "effort to detail the specific burdens [they] will face from discovery in this case; nor [do Defendants] explain how the prejudice [they] would face is different from any other party that files a potentially case-dispositive motion." *City of Lancaster v. Flagstar Bank, FSB*, S.D. Ohio No. 10-cv-1041, 2011 U.S. Dist. LEXIS 36726, at *13 (April 5, 2011).  *See also Ohio Valley Bank Co. v. Metabank*, S.D.Ohio No. 2:19-cv-191, 2019 U.S. Dist. LEXIS 84440, at *9 (May 20, 2019) ("the Court notes that Defendant's conclusory contentions regarding the expense and burden of discovery are insufficient to outweigh the potential prejudice to Plaintiff from delay of this case").

Defendants partially restate their arguments from the Motion to Dismiss, claiming that a stay is justified because the Motion to Dismiss asserts legal defenses which may dispose of the entire case.[2]

---

[2] Notably, Defendants rely heavily on a case that is not cited in the Motion to Dismiss, *Hazelwood School District v. Kuhlmeier*, 484 U.S. 260, 273 (1988).  This case does not support the Motion to Dismiss or this Motion.  In *Hazelwood,* the Court considered a First Amendment claim by students over the deletion of an articles on pregnancy and divorce from the school newspaper.  The Court held that held that "educators do not offend the First Amendment by exercising editorial control over the style and content of student speech in school-sponsored expressive activities…" 484 U.S. at 273.  The newspaper in *Hazelwood,* unlike the Hate Has No Home Here Flag, was part of the school curriculum because it was "designed to impart particular knowledge or skills to student participants and audiences." 484 U.S. 271.  Of particular relevance to this Motion, Part III of the *Hazelwood* opinion consists of a lengthy discussion the rationale of decision-makers, precisely the type of discovery sought in this case.

Def. Memo. at PageID#209. This, too, is not enough to clear the high bar for a stay established by this Court. This Court has found it "unpersuasive for a party to rely on the strength of" its potentially dispositive motion "in moving for a motion to stay…" *Preserve Partners, Inc. v. Sawmill Park Properties, LLC*, S.D. Ohio No. 2:22-cv-477, 2023 U.S. Dist. LEXIS 66438, at *4 (Apr. 14, 2023), *quoting Dummen NA, Inc. v. Proven Winners N. Am. LLC*, S.D. Ohio No. 2:16-CV-00709, 2017 U.S. Dist. LEXIS 217181, at *1-2 (May 3, 2017). This Court has stated that it is "not inclined to grant a stay based on one party's view of the strength of its" motion to dismiss. *Id.*

The balance of hardships weighs in favor of allowing discovery to proceed in an expedited manner so that a full record can be developed for the Motion for Preliminary Injunction.[3] This Court has said, "Plaintiffs deserve to have their claims heard in a timely and efficient manner. A stay of discovery conflicts with this goal." *Young,* 2020 U.S. Dist. LEXIS 193327, at *6. Granting the stay would undoubtedly further delay the progression of this case, thereby prejudicing Plaintiff and undermining the ability of this Court to ensure that cases are resolved in an expeditious manner. *Wilson*, 2022 U.S. Dist. LEXIS 9137, at *7. *See also Ryan v. Flagstar Bank FSB*, S.D.Ohio No. 2:23-cv-484, 2023 U.S. Dist. LEXIS 68146, at *4 (Apr. 18, 2023) ("staying discovery potentially will prejudice Plaintiffs by delaying the resolution of this case"); *Ferrell v. Wyeth-Ayerst Laboratories, Inc.*, S.D.Ohio No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, at *7 (Oct. 24, 2005) ("the court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay"), *quoting Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).

---

[3] The Parties may disagree on the scope of the discovery sought. This disagreement is not a reason for a stay of discovery. Certainly, it is not unusual for the parties to require, after good faith conferral, further Court assistance to resolve disputes about the appropriate scope of discovery.

**CONCLUSION**

The Motion should be Denied.

Respectfully submitted,

  /s/ Joshua Engel
Joshua Adam Engel (OH 0075769)
Jim Hardin (0056247)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's electronic filing system this April 15, 2026 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel