IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

JOHN DOE,                                    :        Case No. 1:26-cv-351

                                             :

            Plaintiff,                       :        Judge Matthew W. McFarland

                                             :

      v.                                     :

                                             :

LITTLE MIAMI SCHOOL                          :
DISTRICT, et al.,                            :

                                             :

            Defendants.                      :

---

**ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO PROCEED ANONYMOUSLY (Doc. 2)**

---

This matter is before the Court on Plaintiff's Motion for Leave to Proceed Anonymously (Doc. 2). Defendants filed a Response in Opposition (Doc. 9), to which Plaintiff filed a Reply in Support (Doc. 11). Thus, this matter is ripe for review. For the following reasons, Plaintiff's Motion for Leave to Proceed Anonymously (Doc. 2) is **DENIED**.

## BACKGROUND

Plaintiff is a teacher for Defendant Little Miami School District. (Compl., Doc. 1, ¶ 2.) For the past four years, Plaintiff has displayed a flag in his classroom that reads "Hate Has No Home Here" and bears several icons, including a rainbow Pride flag and transgender Pride flag. (*Id.* at ¶ 3.) In January 2025, the Ohio Assembly passed H.B. 8, the Ohio Parent's Bill of Rights, codified as Ohio Revised Code § 3313.473. (*Id.* at ¶ 14.) The statute provides parents the opportunity to review any instructional materials that

include sexuality content, which is defined as "any oral or written instruction, presentation, image, or description of sexual concepts or gender ideology, provided in a classroom setting." (*Id.; see also* O.R.C. § 3313.473(G)(5).) In October 2025, the Little Miami School Board passed a policy that adopted the statute. (Compl., Doc. 1, ¶ 15.) In February 2026, Defendant David Wallace, president of the School Board, requested that Plaintiff remove his flag, but the principal stated that he would not order Plaintiff to remove it. (*Id.* at ¶ 18.) Plaintiff then drafted an email defending the flag, and the Superintendent of Little Miami School District supported Plaintiff. (*Id.* at ¶¶ 19-22.) On February 25, 2026, the School Board voted 4-1 in favor of the flag's removal, pursuant to H.B. 8 and the accompanying district policy. (*Id.* at ¶ 27.) Plaintiff complied with this vote and removed the flag. (*Id.* at ¶ 30.)

Plaintiff now brings a claim under 42 U.S.C. § 1983 seeking declaratory judgment that Defendants violated his First Amendment rights in ordering the flag's removal. (Compl., Doc. 1, ¶¶ 31-43.) Additionally, Plaintiff has filed a Motion for Leave to Proceed Anonymously (Doc. 2), which the Court will now address.

## LAW & ANALYSIS

Plaintiff requests leave to prosecute his claims anonymously as "John Doe." (Motion for Leave to Proceed Anonymously, Doc. 2, Pg. ID 18.) Generally, "the complaint must name all the parties." Fed. R. Civ. P. 10(a). Therefore, litigating under a pseudonym is disfavored. *Malibu Media, LLC v. Doe*, No. 3:14-CV-378, 2015 WL 1120063, at *2 (S.D. Ohio Mar. 12, 2015) ("Proceeding anonymously is disfavored, and the Court has an independent duty to determine whether to permit a party to proceed anonymously.").

But, a court may permit a party to proceed pseudonymously where "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The decision to grant such an exemption lies within the court's discretion. *See id.* The court's discretion is guided by the following factors: (1) whether the individuals "seeking anonymity are suing to challenge governmental activity;" (2) whether pursuit of the lawsuit "will compel the plaintiffs to disclose information 'of the utmost intimacy;' (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

Viewed together, these factors weigh against anonymity. Plaintiff argues that the first factor is satisfied, as he is suing to challenge a governmental activity. (Motion, Doc. 2, Pg. ID 19.) While Plaintiff recognizes that his claim "is not a facial challenge to a government or school policy," he argues that the decision will impact other public school teachers in the Little Miami School District and statewide. (*Id.*) Indeed, in *Porter*, the Sixth Circuit found that the lawsuit, which challenged a school board policy as unconstitutional, challenged governmental activity. 370 F.3d at 560; *see also Plaintiff v. Wayne State Univ.*, No. 20-CV-11718, 2021 WL 243155, at *5 (E.D. Mich. Jan. 29, 2021) (finding that the lawsuit challenging university action was a "clear" challenge of governmental activity). Defendants do not dispute this argument. (*See generally* Response, Doc. 9.) The Court thus agrees that this factor weighs in favor of allowing Plaintiff to proceed anonymously.

3

The remaining factors, however, do not weigh in Plaintiff's favor. The second factor examines whether the nature of the lawsuit will compel Plaintiff to disclose information of the utmost intimacy. *See Porter*, 370 F.3d at 560. On this point, Plaintiff alleges that revealing his identity could "invite further reaction within the community and could present a very real risk of harassment and threats." (Motion, Doc. 2, Pg. ID 19.) Plaintiff argues that, in *Porter*, the court considered written threats of harassment when it allowed the plaintiffs to proceed anonymously; similarly, Plaintiff asserts here that his personal information has already been nonconsensually published online, or "doxed," which he characterizes as a form of harassment. (*Id.* at Pg. ID 19-22.) Defendants, though, point out that Plaintiff's own argument cuts against his Motion, because "[a]nonymity at this stage would […] amount to a legal fiction," as his identity is "already in the public domain." (Response, Doc. 9, Pg. ID 69.) In fact, Plaintiff acknowledges that these online publications likely obtained his personal information and communications with the school about the flag "pursuant to a public records request." (Motion, Doc. 2, Pg. ID 21, n.2.)

The Court therefore agrees with Defendants. Plaintiff's identity has already been publicly revealed, whether or not he consented to such disclosure. *See Poe v. Lowe*, 756 F. Supp. 3d 537, 547 (M.D. Tenn. 2024); *Doe v. Zinsou*, No. 19-CV-7025, 2019 WL 3564582, at *6 (S.D.N.Y. Aug. 6, 2019) ("A plaintiff's interest in anonymity is weakened where anonymity has already been compromised."). Moreover, he claims that his identity and communications are subject to public records requests. Thus, to the extent that Plaintiff fears his identity being involved in public discourse, proceeding under a pseudonym

4

here will not prevent, and in fact has not prevented, the public from discovering his identity. Furthermore, beyond instances of Plaintiff's name, job title, and photograph being published, Plaintiff has not pointed to any credible threat of harassment or danger that he faced from this disclosure or could face if his name is used in these proceedings. Risk of embarrassment alone is not enough to warrant use of a pseudonym. *See Wayne State Univ.*, 2021 WL 243155, at *6. The Court finds that the second factor weighs against Plaintiff's Motion.

The third and fourth factors do not apply to Plaintiff's case and thus also weigh against granting the Motion. Thus, having failed to satisfy the *Porter* test, the presumption of openness in this judicial proceeding outweighs Plaintiff's privacy interests.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed Anonymously (Doc. 2) is **DENIED**. Plaintiff is required to file an amended complaint that identifies himself as required by Rule 10(a) within seven (7) days of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

5