IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

GEORGE MCINTYRE,                    :        Case No. 1:26-cv-351
                                    :
            Plaintiff,              :        Judge Matthew W. McFarland
                                    :
      v.                            :
                                    :
LITTLE MIAMI SCHOOL DISTRICT,       :
et al.,                             :
                                    :
            Defendants.             :

---

## ORDER AND OPINION

---

This matter is before the Court on Plaintiff's Motion for Expedited Discovery (Doc. 4) and Defendants' Motion to Stay Discovery (Doc. 14). Defendants filed a Response in Opposition (Doc. 8) to Plaintiff's Motion, and Plaintiff filed a Reply in Support (Doc. 12). Plaintiff filed a Response in Opposition (Doc. 15) to Defendants' Motion, and Defendants filed a Reply in Support (Doc. 19). Thus, this matter is ripe for the Court's review. For the following reasons, Plaintiff's Motion for Expedited Discovery (Doc. 4) is **GRANTED** and Defendants' Motion to Stay Discovery (Doc. 14) is **DENIED**.

## BACKGROUND

On April 7, 2026, Plaintiff George McIntyre filed a Complaint (Doc. 1) alleging that Defendants violated his First Amendment rights. The same day, Plaintiff filed a Motion for Preliminary Injunction (Doc. 3) seeking to enjoin Defendant Little Miami School District from prohibiting Plaintiff's display of his "Hate Has No Home Here" flag (herein,

"the Flag") in his classroom. Plaintiff also filed a Motion for Leave to Proceed Pseudonymously (Doc. 2), which the Court denied (Order, Doc. 16), prompting Plaintiff to re-file his Complaint with his full name (First Am. Compl., Doc. 18). Additionally, Plaintiff moved to expedite discovery in anticipation of a hearing on the Motion for Preliminary Injunction; the Motion for Expedited Discovery has been fully briefed. (Motion to Expedite Discovery, Doc. 4; Response, Doc. 8; Reply, Doc. 12.) Defendants then filed a Motion to Stay Discovery Pending Resolution of Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 14), which has also been fully briefed (*see* Docs. 15, 19).

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) does not allow discovery from any source prior to a Rule 26 conference. However, the district court has discretion to order expedited discovery. *Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007). "Expedited discovery may be granted upon a showing of good cause." *Best v. Mobile Streams, Inc.*, No. 1:12-CV-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012) (citing *Arista*, 2007 WL 5254326, at *2) (cleaned up). The party seeking expedited discovery bears the burden of showing good cause, which may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* Furthermore, courts also consider whether the evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *Id.*

Plaintiff requests expedited discovery "in anticipation of a hearing on the Motion for a Preliminary Injunction." (Motion, Doc. 4, Pg. ID 48.) The Motion specifically seeks:

(1) all documents concerning the decision by Little Miami School Board to order the removal of the Flag; (2) all correspondence and communications regarding the Flag, including, but not limited to, any complaints received by parents; (3) all documents concerning policies for classroom displays, including, but not limited to, the classroom display policy considered by the School Board in 2024; (4) all documents concerning the drafting and adopting of the Board Policy 5780.01, entitled "Parents' Bill of Rights"; (5) all documents concerning disruption or interference in the classroom or elsewhere in the school related to the Flag; (6) all documents concerning whether the Flag constitutes "sexuality content" as defined by Ohio Revised Code § 3113.472(G)(5) and/or the Board Policy 5780.01; and (7) the ability to take no more than five depositions by videoconference. (*Id.* at Pg. ID 48-49.)

In support of his Motion, Plaintiff asserts that Federal Rule of Civil Procedure 26(d) "vests the district court with discretion to order expedited discovery upon good cause shown." (Motion, Doc. 4, Pg. ID 49 (quoting *Russell v. Lumpkin*, No. 2:10-CV-314, 2010 WL 1882139, at *1 (S.D. Ohio May 11, 2010)) (cleaned up).) To this end, Plaintiff claims that expedited discovery is "necessary" for the adjudication of Plaintiff's Motion for Preliminary Injunction, as he does not have access to essential materials. (*Id.* at Pg. ID 50.) And, courts have found good cause for expedited discovery when limited and narrowly tailored to a plaintiff's requested injunctive relief. (*Id.* (collecting cases).)

Nevertheless, Plaintiff acknowledges some potential issues with his request. First, Plaintiff notes that some discovery "could implicate student records protected from disclosure by the Family Educational Rights and Privacy Act ('FERPA')." (Motion, Doc.

3

4, Pg. ID 50.) However, Plaintiff adds that "federal law — namely FERPA — does not create an absolute privilege as to the release of education records." (*Id.* (quoting *Doe v. Ohio Hi-Point Sch. Dist. Bd. of Educ.*, No. 2:20-CV-4798, 2022 WL 17828826, at *4 (S.D. Ohio Dec. 21, 2022)).) Still, Plaintiff contends that Defendants can comply with FERPA "through redactions," or, alternatively, the parties can submit a stipulated protective order for the Court's approval. (*Id.* at Pg. ID 50-51.) Defendants do not address the issue of FERPA in their Response. Nonetheless, the Court agrees with Plaintiff that FERPA is not absolute. *See Ohio Hi-Point Sch. Dist. Bd. of Educ.*, 2022 WL 17828826, at *4. "FERPA is not violated if a school releases such records in compliance with a judicial order and if students are notified of their impending disclosure." *Id.* Furthermore, redactions can be used to protect the release of students' personal identifying information in accordance with FERPA. *U.S. v. Miami Univ.*, 294, F.3d 797, 811 (6th Cir. 2002) ("with these court-imposed redactions, the mandamus appears to comport with the FERPA's requirements"). Thus, to the extent that discovery could implicate FERPA, the parties can fulfill their obligations under the statute by redacting any personally identifying information and otherwise notifying any affected students of the disclosure.

Regarding his second request, all correspondence and communications regarding the Flag, Plaintiff acknowledges in his Motion that this request "likely includes communications with outside counsel on this issue." (Motion, Doc. 4, Pg. ID 48 n.2.) Notably, though, Plaintiff points out that the Board has waived attorney-client privilege regarding these documents because Defendants have already disclosed some of the emails from counsel in response to public record requests. (*Id.* (collecting cases).)

4

Defendants see it differently. (Response, Doc. 8, Pg. ID 67-68.) Defendants acknowledge the waiver as it applies to the specific counsel communications disclosed in Exhibits G-1 and G-2 to their Response to Plaintiff's Motion for Preliminary Injunction. (*Id.*) Furthermore, they recognize that Exhibit H, which "reflects the broader public-records production by the District," includes "counsel communications produced concerning the Board's deliberation on whether the poster triggered the procedures of Board Policy 5780.01." (*Id.*) But, Defendants argue that the communications were "limited to explaining the procedures and standards" and did not address whether the poster violated the policy. (*Id.*) Accordingly, Defendants argue that "there is no live privilege dispute requiring expedited discovery and no basis for any blanket order compelling additional attorney-client communications." (*Id.*)

In his Reply, though, Plaintiff first points out that he did not state that Defendants' waiver of privilege created good cause, as Defendants suggest in their Response. (Reply, Doc. 12, Pg. ID 90, n.2; *cf.* Response, Doc. 8, Pg. ID 67.) And, the Court agrees that already-produced communications are no longer subject to attorney-client privilege. While Defendants argue that waiver only applies to the specific counsel communications they disclosed, the Sixth Circuit has squarely rejected this "selective waiver" doctrine. *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 304 (6th Cir. 2002). Through the case of *In re Columbia*, the court held that a party that waived privilege regarding documents to one party waived it for all parties. *Id.* And, the Sixth Circuit later extended that holding, rejecting a privilege claim of a party wishing to assert attorney-client privilege for a disclosure related to other materials for which they had already

waived privilege. *In re King's Daughters Health Sys., Inc.*, 31 F.4th 520, 528 n.2, 529 (6th Cir. 2022). In fact, where undisclosed, privileged information "concerns the same subject matter" as disclosed information, the Court must consider the fairness that they be considered together. Fed. R. Evid. 502(a); *see also In re King's Daughters,* 31 F.4th at 528; *Wolpert v. Branch Banking Trust & Co.*, No. 3:19-CV-138, 2023 WL 7003683, at *6-7 (E.D. Tenn. Oct. 24, 2023).

Nevertheless, "a subject matter waiver ... is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." *Wolpert v. Branch Banking Tr. & Co.,* No. 3:19-CV-138-TRM-DCP, 2023 WL 7003683, at *6 (E.D. Tenn. Oct. 24, 2023). To this end, the Court cannot conclusively establish that the communications in question here are of the same subject matter as those already disclosed; it follows, then, that the Court cannot decide, at this juncture, that fairness requires disclosure of those communications. Accordingly, to the extent that Defendants claim privilege for some of the requested materials, a privilege log, as Plaintiff suggested, (*see* Motion, Doc. 4, Pg. ID 49) will provide more insight on the nature of the communications and any potential waiver.

Defendants, meanwhile, argue that expedited discovery is unnecessary because the responsive record is already before the Court. (Response, Doc. 8, Pg. ID 66-67.) Defendants maintain that: (1) all approved board policies relating to classroom displays are publicly available; (2) official Board minutes from the 1/28/2026, 2/25/2026, and 3/3/2026 meetings and relevant transcripts were attached as Exhibits A-1, A-2, B, C, D,

6

and E of their Response in Opposition to Plaintiff's Motion for Preliminary Injunction; (3) to the extent Plaintiff requests documents concerning the drafting and adoption of Board Policy 5780.01, the policy was drafted by the NEOLA organization and distributed to schools for adoption; (4) the email chain forwarded to the School Board for consideration relating to the Flag was provided as Exhibit G-1 and G-2; (5) all other District emails produced in response to public-records requests were attached as Exhibit H; and (6) the replacement poster image was attached as Exhibit I. (*Id.* at Pg. ID 66-67.) But, as Plaintiff points out, Defendants do not suggest that Plaintiff's requested discovery extends beyond the scope of discovery permitted in Federal Rule of Civil Procedure 26(b)(1). In fact, Defendants' argument relies heavily on the contention that they have already produced everything Plaintiff needs. (*See* Response, Doc. 8, Pg. ID 66-67.) But, Plaintiff argues that this is not so, and points to several requested materials related to, but not identical to, the exhibits Defendants produced. (Reply, Doc. 12, Pg. ID 90.)

The Court finds Plaintiff's arguments persuasive. First, Defendants have not produced every document that Plaintiff requests, so discovery is not redundant. And, Defendants have not shown why depositions or document requests would prejudice them. Nor have they shown why this case is different from the numerous cases in this district where courts have permitted expedited discovery for factual matters relevant to pending motions for preliminary injunction. *See, e.g., Russell*, 2010 WL 1882139; *Tri Cty. Wholesale Distrib. v. Labatt USA Operating Co., LLC*, No. 2:13-CV-317, 2013 WL 12180497 (S.D. Ohio Apr. 22, 2013); *RGN-USF, LLC v. Megatron Workspaces of Michigan, LLC*, No. 2:25-CV-10967, 2025 WL 2884573 (E.D. Mich. Oct. 9, 2025); *Kentucky CVS Pharmacy v.*

*McKinney*, No. 5:13-CV-25, 2013 WL 1644903 (E.D. Ky. Apr. 16, 2013); *USEC Inc. v. Everitt*, No. 3:09-CV-4, 2009 WL 152479 (E.D. Tenn. Jan. 22, 2009). Indeed, in these situations, courts "examine the discovery request," weighing "the reasonableness of the request," along with "the scope of the requested discovery." *USEC*, 2009 WL 152479, at *2. The Court finds here that Plaintiff seeks expedited discovery specifically related to facts relevant to his Motion for Preliminary Injunction; further, he narrowly defines the discovery he seeks so that the request is not overly broad. (*See* Motion, Doc. 4.) Defendants have failed to show that the request is unreasonable and have not pointed to any undue prejudice or hardship for them that outweighs Plaintiff's need for the discovery. *See USEC*, 2009 WL 152479, at *3.

Meanwhile, Defendants have also filed a Motion to Stay Discovery pending the outcome of their Motion to Dismiss. (*See* Motion, Doc. 14.) In support of their Motion, Defendants point out that the court possesses "discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." (*Id.* at Pg. ID 209 (quoting *Hahn v. Star Bank*, 190 F.3d 708, 720 (6th Cir. 1999)).) Defendants contend that their Motion to Dismiss "presents precisely such threshold legal issues that may dispose of the case or dramatically change its scope." (*Id.*; *see also* Reply, Doc. 19, Pg. ID 264.) Plaintiff, though, notes that courts have developed the applicable standards for discovery stays following the Sixth Circuit's decision in *Hahn*; to that point, *Hahn* contains little discussion of how the Court should exercise its discretion. (Response, Doc. 15, Pg. ID 212-13.) Meanwhile, courts in this district have followed two guiding principles when examining discovery stays: (1) as a general rule, courts have not been inclined to grant

such motions; and (2) courts have imposed a "high bar" where a stay of discovery may be appropriate "only in special circumstances," where the motion to dismiss is based on qualified or absolute immunity, or lack of jurisdiction. (*Id.* (collecting cases).) To this end, Plaintiff argues that Defendants have not raised any defense in their Motion to Dismiss based on "special circumstances" such as threshold legal questions of immunity, jurisdiction, or statute of limitations. (*Id.* at Pg. ID 213.)

In their Reply, Defendants argue that their 12(b)(6) motion does, in fact, present such threshold legal questions to warrant a stay of discovery. (Reply, Doc. 19, Pg. ID 264.) In support of this contention, Defendants state that the motion addresses which constitutional framework governs the case. (*Id.* at Pg. ID 265.) Knowing this issue, according to Defendants, will reveal "what discovery is materially relevant." (*Id.*) This argument, however, does not persuade. Defendants' Motion does not ask the Court to clarify the constitutional framework, but instead asks that the Court find one framework applies as a matter of law and dismiss the case. Thus, assuming that the Court denies the 12(b)(6) motion, that denial merely finds that Plaintiff has stated a claim for relief plausible on its face. Meanwhile, granting the motion would simply moot the discovery issue altogether. Accordingly, Defendants' 12(b)(6) motion does not create the same sort of "threshold legal question" such as jurisdiction or immunity. Nor do Defendants show why this motion otherwise involves a special circumstance such that the motion to dismiss must be addressed before discovery proceeds.

Defendants also argue that this premature discovery creates a significant burden that outweighs Plaintiff's burdens. (Reply, Doc. 19, Pg. ID 266.) According to Defendants,

Plaintiff's "broad discovery demands," including depositions to inquire into the School Board's motives, may end up not materially relevant under the governing constitutional framework. (*Id.*) This argument, however, again assumes that any order on their Motion to Dismiss will definitively guide the parties on the applicable framework if the case proceeds, which exceeds the scope of a 12(b)(6) motion. Furthermore, Defendants' arguments that the discovery sought is potentially irrelevant, depending on the framework at play, and thus overly burdensome, is not persuasive. Indeed, "there is little risk of harm by producing potentially irrelevant […] information." *Pianko v. General R.V. Ctr., Inc.*, No. 20-13371, 2022 WL 1086378, at *4 (E.D. Mich. Apr. 11, 2022); *see also Tween Brands Inv., LLC v. Bluestar All., LLC*, No. 2:15-CV-2663, 2015 WL 6955177, at *2 (S.D. Ohio Nov. 10, 2015) (ordering production of potentially irrelevant document to avoid one party unilaterally deciding relevance).

Nevertheless, Defendants state that Plaintiff "already possesses the complete core documentary record relevant to both the preliminary injunction motion and Rule 12(b)(6) motion" because Defendants have produced those through public records requests. (Reply, Doc. 19, Pg. ID 266.) First, though, the Court established above that Plaintiff's requests extend beyond what Defendants have provided to Plaintiff. Although, Defendants are correct that Plaintiff can make public records requests for additional documents related to this matter. (*Id.*) Plaintiff's requests for discovery, though, may encompass matters that extend beyond what is available through a public records request, like those that involve attorney work product, to which this Court already determined Plaintiff is entitled. *See* Ohio Rev. Code § 149.43. Furthermore, to the extent

10

that some discovery overlaps with materials that can be publicly requested, Defendants do not explain why disclosure of materials to fulfill a public records request is less burdensome to Defendants than disclosure of the same materials pursuant to a discovery request. Finally, Defendants argue that the burden they would face in providing depositions outweighs any burden to Plaintiff if discovery were stayed. (Reply, Doc. 19, Pg. ID 267.) As Defendants see it, allowing "broad motive-and-animus deposition discovery" now could create a risk that any individual who wants to challenge a school district's application of the Parents' Bill of Rights law could seek such discovery. (*Id.*) The Court finds this argument unpersuasive, though. If the case proceeds after resolution of the Motion to Dismiss, these depositions could still occur; staying them temporarily thus proves no less burdensome than allowing them to happen earlier than Defendants anticipated. Nor does a stay mitigate the risk that other individuals could bring similar suits in the future.

Thus, the Court agrees with Plaintiff. As courts in this district have routinely found, a stay of discovery is not warranted where "[n]othing about [the pending motion] appears to distinguish it from the garden-variety Rule 12(b)(6) motion which is typically insufficient to justify granting a stay of discovery." *Roth v. President and Bd. of Trs. of Ohio Univ.*, No. 2:08-CV-1173, 2009 WL 2579388, at *2 (S.D. Ohio Aug. 18, 2009). Indeed, it is not enough that Defendants raise viable arguments for dismissal; rather, absent a threshold legal question, a stay is appropriate where it is "patent that the case lacks merit." *Gilligan v. Hocking Cnty., Ohio*, No. 2:23-CV-625, 2024 WL 957751, at *2 (S.D. Ohio Mar. 6, 2024). While Defendants assert that their motion "presents such threshold legal

11

issues" that warrant a stay (*see* Motion, Doc. 14), they do not point to, nor can the Court find, any argument in the Motion to Dismiss that distinguishes it from a typical 12(b)(6) motion. (*See generally*, Motion to Dismiss, Doc. 10.) Nor does the Court find that the Complaint patently lacks merit. *See Gilligan*, 2024 WL 957751, at *2. And, lastly, Defendants have not shown that the burden of discovery prior to the resolution of the 12(b)(6) motion outweighs the burden to Plaintiff in litigating his Motion for Preliminary Injunction without discovery.

### CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion for Expedited Discovery (Doc. 4) is **GRANTED**;

2. Defendants' Motion to Stay Discovery (Doc. 14) is **DENIED**;

3. The parties **SHALL ENGAGE** in written discovery and depositions as outlined in Plaintiff's Motion (Doc. 4, Pg. ID 48-49), and the parties may submit additional requests for production of documents to each other if necessary;

4. Written discovery **SHALL INCLUDE** a privilege log for any documents withheld on the basis of attorney-client privilege, attorney work product, or any other claim of privilege and **SHALL COMPLY** with any obligations under FERPA through redactions of student personal identifying information; and

5. This discovery **SHALL BE COMPLETED** within thirty (30) days of this Order. **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND

13