

AUTHENTICATED,
OHIO LEGISLATIVE SERVICE
COMMISSION
DOCUMENT #320715

**EXHIBIT 4**

## Ohio Revised Code
Section 3313.473
Effective: April 9, 2025
Legislation: House Bill 8

---

(A) The general assembly maintains that a parent has a fundamental right to make decisions concerning the upbringing, education, and care of the parent's child.

(B) Not later than the first day of July following the effective date of this section, the board of education of each city, local, exempted village, and joint vocational school district shall develop and adopt a policy to promote parental involvement in the public school system. The policy shall require a school district to do all of the following:

(1)(a) Ensure that any sexuality content is age-appropriate and developmentally appropriate for the age of the student receiving the instruction, regardless of the age or grade level of the student.

(b) Prior to providing instruction that includes sexuality content or permitting a third party to provide such instruction on behalf of the district, provide parents the opportunity to review any instructional material that includes sexuality content. Upon request of the student's parent, a student shall be excused from instruction that includes sexuality content and be permitted to participate in an alternative assignment.

(2) Promptly notify a student's parent of any substantial change in the student's services, including counseling services, or monitoring related to the student's mental, emotional, or physical health or well-being or the school's ability to provide a safe and supportive learning environment for the student. The policy shall specify in what manner a student's parent will be notified of any substantial change in the student's services.

The policy shall specify that notice to parents shall reinforce the fundamental right of parents to make decisions regarding the upbringing and control of their children, and that the school district shall not inhibit parental access to the student's education and health records maintained by the school.



AUTHENTICATED,
OHIO LEGISLATIVE SERVICE
COMMISSION
DOCUMENT #320715

(3) Prohibit school district personnel from directly or indirectly encouraging a student to withhold from a parent information concerning the student's mental, emotional, or physical health or well-being, or a change in related services or monitoring.

The policy shall prohibit school district personnel from discouraging or prohibiting parental notification of and involvement in decisions affecting a student's mental, emotional, or physical health or well-being.

(4) Adopt a procedure to obtain authorization from parents prior to providing any type of health care service to the student, including physical, mental, and behavioral health care services. Under the procedure, a parent may choose whether to authorize a district to provide a health care service to the parent's child. The procedure shall require the school district to do both of the following:

(a) At the beginning of the school year, notify parents of each health care service offered at, or facilitated in cooperation with, their student's school and their option to withhold consent or decline any specified service. Parental consent to health care services does not waive the parent's right to access the parent's student's educational or health records or to be notified about a change in the student's services or monitoring as provided in this section.

(b) Prior to providing a health care service to a student, notify a parent whether the service is required to be provided by the school district under state law and if other options for a student to access the service exist. This requirement may be satisfied by an annual notice to parents at the beginning of the school year.

Division (B)(4) of this section does not apply to emergency situations, first aid, other unanticipated minor health care services, or health care services provided pursuant to a student's IEP or a school district's obligation under section 504 of the "Rehabilitation Act of 1973," 29 U.S.C. 794.

(5) Permit a parent to file with a school principal or assistant principal a written concern regarding a topic addressed in this section. The policy shall establish a process for a principal or assistant principal to resolve such concerns within thirty days after their receipt. Under the policy, school districts shall notify parents of their right to file a written concern. A parent may appeal a principal's or assistant principal's decision to the superintendent of that district.



AUTHENTICATED,
OHIO LEGISLATIVE SERVICE
COMMISSION
DOCUMENT #320715

If a parent appeals the principal's or assistant principal's decision, the superintendent, or a designee of the superintendent, shall conduct a hearing on the decision. Based on the findings of that hearing, the superintendent shall decide whether to affirm the principal's or assistant principal's decision. If the superintendent does not affirm the decision, the superintendent shall determine a resolution to the parent's concern. A parent may appeal the superintendent's decision to the board of education of the school district. The board shall review the superintendent's decision and, if the board determines it necessary, hold a hearing on the decision and, based on that hearing, either affirm the superintendent's decision or determine a new resolution to the parent's concern.

Nothing in division (B)(5) of this section shall prevent a parent from contacting a member of a board of education regarding the parent's concerns with the operation of a school under the supervision of that board.

(C) Each school district shall make its policy adopted under this section publicly available and post it prominently on its publicly accessible web site, if it has one.

(D) This section does not prescribe all rights of parents or preempt or foreclose claims or remedies in support of parental rights that are available under the constitution, statutes, or common law of this state.

(E) No school district or third party acting on behalf of a district shall provide instruction that includes sexuality content to students in grades kindergarten through three.

(F)(1) Nothing in this section shall require disclosure or activity that is in conflict with or in violation of any of the following:

(a) The HIPAA privacy rule;

(b) Chapter 3798. of the Revised Code;

(c) Section 2317.02, 4732.19, or 5122.04 of the Revised Code;

Case: 1:26-cv-00351-MWM Doc #: 25-8 Filed: 06/30/26 Page: 4 of 6  PAGEID #: 490



AUTHENTICATED,
OHIO LEGISLATIVE SERVICE
COMMISSION
DOCUMENT #320715

(d) The "Family Educational Rights and Privacy Act of 1974," 20 U.S.C. 1232g;

(e) Ohio Constitution, Article I, Section 10a and any laws enacted to implement that section, including sections 2930.07 and 2930.10 of the Revised Code.

(2) Nothing in this section requires disclosure or activity in violation of any court order, including any of the following:

(a) A condition of bond;

(b) A protection order or consent agreement issued pursuant to section 2151.34, 2903.213, 2903.214, 2919.26, or 3113.31 of the Revised Code;

(c) A condition of a community control sanction, post-release control sanction, or parole.

(3) Nothing in this section requires disclosure or activity in violation of a specific request for nondisclosure made pursuant to a criminal investigation or grand jury subpoena in which the student is the victim and a parent is the alleged perpetrator.

(4) Nothing in this section prohibits or prevents mandatory reporting under section 2151.421 of the Revised Code.

(5) Nothing in this section prohibits or limits the career and academic mentoring and counseling between teachers and students in the regular course of the school day.

(G) As used in this section:

(1) "Biological sex" means the biological indication of male and female, including sex chromosomes, naturally occurring sex hormones, gonads, and unambiguous internal and external genitalia present at birth, without regard to an individual's psychological, chosen, or subjective experience of gender.

(2) "HIPAA privacy rule" has the same meaning as in section 3798.01 of the Revised Code.



AUTHENTICATED,
OHIO LEGISLATIVE SERVICE
COMMISSION
DOCUMENT #320715

(3) "IEP" has the same meaning as in section 3323.01 of the Revised Code.

(4) "Parent" has the same meaning as in section 3313.98 of the Revised Code.

(5) "Sexuality content" means any oral or written instruction, presentation, image, or description of sexual concepts or gender ideology provided in a classroom setting.

"Sexuality content" does not mean any of the following:

(a) Instruction or presentations in sexually transmitted infection education, child sexual abuse prevention, and sexual violence prevention education provided under division (A)(5) of section 3313.60 or section 3314.0310 or 3326.091 of the Revised Code;

(b) Instruction or presentations in sexually transmitted infection education emphasizing abstinence provided under section 3313.6011 of the Revised Code;

(c) Incidental references to sexual concepts or gender ideology occurring outside of formal instruction or presentations on such topics, including references made during class participation and in schoolwork.

(6) "Student's mental, emotional, or physical health or well-being" includes, at a minimum, any of the following:

(a) A student's academic performance;

(b) Any significant sickness or physical injury, or any psychological trauma suffered by a student;

(c) Any harassment, intimidation, or bullying, as defined in section 3313.666 of the Revised Code, by or against a student in violation of school district policy;

(d) Any request by a student to identify as a gender that does not align with the student's biological sex;



AUTHENTICATED,
OHIO LEGISLATIVE SERVICE
COMMISSION
DOCUMENT #320715

(e) Exhibition of suicidal ideation or persistent symptoms of depression, or severe anxiety, or other mental health issues.

(7) "Age-appropriate" and "developmentally appropriate" content refers to activities or items that are generally accepted as suitable for children of the same chronological age or level of maturity or that are determined to be developmentally appropriate for a child, based on the development of cognitive, emotional, physical, and behavioral capacities that are typical for an age or age group.