**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| GEORGE MCINTYRE | | Case No. 1:26-cv-00351-MWM |
| Plaintiff | | Judge:  Matthew W. McFarland |
| v. | | |
| LITTLE MIAMI SCHOOL DISTRICT, ET AL | | MOTION FOR LEAVE TO FILE UNREDACTED DOCUMENTS UNDER SEAL |
| Defendants | | |

Plaintiff respectfully submits this Motion to file unredacted copies of the following documents under seal:

- Document 25-1 (also Doc. 29-1; Texts)

- Document 25-27 (also Doc. 29-29; Plaintiff's Deposition)

- Document 25-31 (also Doc. 29-31; Affidavit)

- Two affidavits in support of this Motion.[1]

This request is narrowly tailored. The public will still be able to understand this case with the rest of the information contained in the record.  And Defendants will not be prejudiced because Counsel for Defendant has long been aware of the identity of all witnesses.  As a result, filing these documents under seal will both protect the privacy interests of third parties and uphold the presumptive right of the public to inspect these judicial materials.

---

[1] These Affidavits are from third parties who seek to have their personal identifying information contained in Documents 25-1 and 25-27 redacted.  These Affidavits were previously provided to the Court and Counsel as part of the informal discovery dispute process, but are not part of the record, yet.   If leave to file the Affidavits under seal is granted, Plaintiff would file redacted Affidavits on the public docket.

1

**MEMORANDUM**

Plaintiff acknowledges that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g., Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). Plaintiff further acknowledges that a party seeking to seal the records bears the heavy burden of overcoming the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records." *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 308 (6th Cir.2016), *quoting In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored. *Id.*; *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016).

There are, however, important exceptions which limit the public's right of access to judicial records.  "The right to inspect and copy judicial records is not absolute."  *Nixon v. Warner Communications*, 435 U.S. at 598 (citations omitted),  The Sixth Circuit has also made clear that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 308 (6th Cir.2016), *quoting United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).   The *Shane Group* court relied on *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983).[2]  In that case, the Sixth Circuit affirmed a district court's decision to

---

[2] The Sixth Circuit has observed that "in civil litigation,  only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access." *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (citations omitted).  These cases are referring to information from the parties which may be filed under seal; third parties, who did not volunteer to be part of the lawsuit and may not even be aware that their information is involved until it is disclosed publicly, are entitled to greater protections.  *See Id.* (referring to a "party's mere assertion of its interest in confidentiality").  *Cf. Crane Plastics Co. v. Louisiana-Pac. Corp.*, 119 F. Supp. 2d 749, 751 (S.D. Ohio 2000) ("[T]he Court assigns greater weight to the confidentiality interests asserted by a non-party to the litigation. . . ."); *Steuben Foods, Inc. v. Shibuya*

customers' bank records, in part, because "the customers themselves had done nothing to give rise to the suit." *See also* S.C. v. Metro. Govt. of Nashville, 6th Cir. Nos. 22-5104, 22-5125, 2022 U.S. App. LEXIS 34760, at *2 (Dec. 15, 2022) ("The court routinely seals records… to protect the privacy interests of innocent third parties").

The privacy interests of the individuals named in the documents are significant and outweigh the public's interest in open records. (The Affidavits that Plaintiff wishes to file under seal in support of this Motion attest to this interest.) These individuals are fearful of (i) threats, harassment and doxxing; and (ii) frivolous lawsuits. This is not a speculative fear for two reasons.

First, Plaintiff has presented the Court with specific evidence that Plaintiff faced doxing and harassment online. (Exhibit, Doc#5-1.) The Affidavits Plaintiff seeks to file under seal in support of this Motion support this, as well. In one of the Affidavits, a parent states that she has "been publicly identified, discussed, criticized, and falsely accused on social media in connection with school district and school board issues." She recounts how her picture was posted online describing her as "loud, contradictory, instigating, and generally just on the wrong side of history" and a "proponent of sexually orientated and improper books being peddled to… children." She also describes how public-records requests were made seeking communications involving her and district personnel, which would have included discussions relating to her child. In another Affidavit one of the third parties who is identified in the exhibits sates, "I am concerned that disclosure of my identity could subject me to on-line retaliation, harassment, or other improper conduct unrelated to the merits of this case. I have seen other people who criticized Wallace on line be publicly attacked and ridiculed, particularly through anonymous Facebook posts, by on-line activists."

---

*Hoppmann Corp.*, W.D.N.Y. No. 1:10-CV-00781, 2017 U.S. Dist. LEXIS 62732, at *7 (Apr. 25, 2017) ("it is appropriate to provide additional protections for non-parties who are uninvolved in the day-to-day litigation of this matter").

<u>Second</u>, the fear that these individuals will be subjected to retaliatory lawsuits is real. Defendant Wallace and his allies have previously sued their political adversaries, including some of the individuals named in the documents, for specious claims.

- In *Wallace v. Seibert, et al.*, Warren County Common Pleas No. 25CV099677, Wallace sued the Superintendent, and other school board members based on alleged communications between members of the Little Miami School District's Board of Education as well as communications from board members to parents of students. These communications involved the posting of pictures of student-athletes on Facebook The case was dismissed by Judge Oda.[3]

- In *Wallace, et al v. Srikantham*, Warren County Common Pleas No. 25CV098869, Wallace sued a parent of a student in the District for defamation based on a statement made during the public comments section of a school board meeting.  The case was dismissed by Judge Peeler and Wallace was ordered to pay attorney's fees pursuant to the Ohio anti-SLAPP statute.

While any retaliatory cases are likely to be dismissed and the witnesses may be able to obtain fees and costs pursuant to the Ohio Anti-SLAPP Statute, the individuals named in the documents still face potential harm.  Fighting a suit, however baseless, against prominent, deep-pocketed, parties can burn up time, attention, and money.

In balancing these significant interests, the Court should also take into account that the Defendants' interest in the public disclosure of these names is minimal or non-existent.  Defendants' counsel knows the names of all the third parties; Defendants never sought to depose any of the individuals whose only involvement was communicating by text with Plaintiff about this issue. Moreover, the disclosure of these names is not relevant to the issue before the Court.

---

[3] In *Wallace v. Seibert et al.,* Warren County Common Pleas No. 25CV098633, Wallace sued the Superintendent, other school board members, and members of the community for defamation and other claims.  Wallace voluntarily dismissed this case and re-filed a similar complaint in case No. 25CV099677.

The proposed redactions is narrowly tailored and appropriate to the real issues in this case. This case remains governed by the test for government employee speech established by the Supreme Court in *Connick v. Myers*, 461 U.S. 138, 140 (1983), *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and *Pickering v. Board of Education*, 391 U.S. 563 (1968). *See also Kennedy v. Bremerton School Dist.*, 597 U.S. 507 (2022). Under this test, the Court must weigh the Plaintiff's free speech interest in displaying a Hate Has No Home Here Flag against the interest of the District, as an employer, in promoting the efficiency of the public services. *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000), *citing Pickering*, 391 U.S. at 568. Discovery, with the exception of the Affiant (Doc.25-31), is complete on these issues and it is unclear how the disclosure of the identity of these individuals will impact the Court's consideration of whether the Hate Has No Home Here Flag impeded Plaintiff's proper performance of his daily duties in the classroom or interfered with the regular operation of the school.

Granting leave to file these documents under seal is consistent with prior decisions. This Court, in *Detillion v. Ohio Dept. of Rehab. & Correction*, S.D.Ohio No. 2:22-cv-2671, 2023 U.S. Dist. LEXIS 134796, at *6-7 (Aug. 2, 2023), granted a request to seal a variety of information, including the names of witnesses where the information "appears to have only been shared between the parties to this litigation." This Court credited a party's concern that public disclosure of "this information may unnecessarily expose third parties to harm or other harassment." Another court in this Circuit recently allowed the filing of documents with third-party names unredacted under seal in order to prevent possible harassment of third parties. *Chelsey Nelson Photography LLC v. Louisville/Jefferson Cty. Metro Govt.*, W.D.Ky. No. 3:19-CV-00851-BJB-CHL, 2025 U.S. Dist. LEXIS 74230, at *8-10 (Apr. 17, 2025). In *Chelsey Nelson Photography*, the court held that "the privacy interests of third parties constitute a compelling reason to seal the unredacted documents." In particular, the court was "concerned that if it were to publicize contact information and personal identifiers of innocent third parties, it would risk exposing such third parties to… harassment" by members of the public. *Cf. Doe v. Williams Bowers*

5

*Mgt. LLC,* M.D.Tenn. No. 3:23-cv-00477, 2023 U.S. Dist. LEXIS 247357, at *4 (Nov. 7, 2023) (allowing a party to redact name from affidavit where "this case has received a great deal of public interest and attention"); *Ewalt v. Gatehouse Media Ohio Holding II, Inc.,* S.D.Ohio No. 2:19-cv-4262, 2021 U.S. Dist. LEXIS 199739, at *12 (Oct. 18, 2021) (redactions regarding personal information of third parties were "narrowly tailored and backed by the compelling reason to protect privacy").

## CONCLUSION

The Court should grant leave to Plaintiff to file unredacted copies of the following documents under seal:

- Document 25-1 (also Doc. 29-1; Texts)

- Document 25-27 (also Doc. 29-29; Plaintiff's Deposition)

- Document 25-31 (also Doc. 29-31; Affidavit)

- Two Affidavits in Support of this Motion.

Respectfully submitted,

  /s/ Joshua Engel
Joshua Adam Engel (OH 0075769)
Jim Hardin (0056247)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's electronic filing system this August 4, 2026 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel

6