**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| GEORGE MCINTYRE, | Case No. 1:26-cv-00351-MWM |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | **DEFENDANTS' MOTION FOR CLARIFICATION OR PARTIAL RECONSIDERATION OF THE AUGUST 5, 2026 NOTATION ORDER (DOC. 32) AND FOR REVIEW OF THE PUBLIC REDACTIONS** |
| LITTLE MIAMI SCHOOL DISTRICT, et al., | |
| Defendants. | |

Defendants respectfully move, pursuant to Fed. R. Civ. P. 54(b) and the Court's inherent authority over its interlocutory orders, for clarification and partial reconsideration of the August 5, 2026 Notation Order granting Plaintiff's Motion for Leave to File Unredacted Documents Under Seal (Doc. 31). The Notation Order was entered one day after Plaintiff's motion and before Defendants had an opportunity to submit a response. Defendants do not oppose the Court's direction that Plaintiff file unredacted copies under seal so the Court may review the complete materials. Defendants seek clarification or reconsideration only to the extent the Notation Order may be understood as finally approving the redactions appearing in the public versions of those documents. Defendants respectfully request that the Court consider the supporting memorandum below and, after reviewing the unredacted materials, determine whether each public redaction satisfies the governing Sixth Circuit standard and order Plaintiff to remove any redaction that does not.

**MEMORANDUM IN SUPPORT**

**I. Clarification or partial reconsideration are warranted.**

Rule 54(b) permits the Court to revise an interlocutory order at any time before entry of final judgment. The Notation Order was entered without the benefit of Defendants' opposition, the unredacted materials, or the two referenced affidavits. Clarification is therefore warranted because the Order directs Plaintiff to file the complete materials under seal but does not state whether it finally approves every redaction appearing in the public versions. Defendants do not seek to disturb the sealed filing. After reviewing the complete materials, Defendants request that the Court determine which redactions satisfy *Shane Group* and *Grae* and direct Plaintiff to file revised public versions. Alternatively, if the Order is construed as finally approving the existing redactions, Defendants request partial reconsideration to that extent.

**II. Governing law requires a compelling, information-specific, and narrowly tailored showing.**

Federal courts conduct their business in public, and the public is presumptively entitled to inspect every document filed for the purpose of influencing a judicial decision. *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025). "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The proponent of secrecy must establish a compelling interest, show that the interest outweighs the public's right of access, and demonstrate that the proposed restriction is narrowly tailored. *Blassingame v. TriHealth Inc.*, 1:21-cv-395, 6 (S.D. Ohio Aug 27, 2022).

The required showing is document-specific and information-specific. The movant must demonstrate, "on a document-by-document, line-by-line basis," why the particular information

satisfies the standard. Grae, 134 F.4th at 932. The injury must be "clearly defined and serious," not conjectural or generalized. Id. The burden belongs to the movant, not the Court, and the absence of prejudice to the opposing party does not answer the question because the right of access belongs to the public. Shane Grp., 825 F.3d at 305-06.

The standard is especially demanding here. This is a First Amendment action against a public school district, an elected Board, and public officials concerning a statewide statute and an official Board vote. Plaintiff has represented that the result may affect other public-school teachers in the district and statewide. (Doc. 16 at 3, PageID 219.) "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." Shane Grp., 825 F.3d at 305. There is a "stark difference" between confidential discovery under Rule 26(c) and sealing material placed in the judicial record. Id.

The analysis in *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995), reinforces the strength of the public-access interest here. *Amodeo* directs courts to consider the role of the material in the exercise of judicial power and its value to public understanding of the proceeding, while affording greater protection to peripheral material involving traditionally private matters. Id. at 1049–51. Plaintiff filed both the Doc. 25-31 affidavit and the Doc. 25-27 text messages in support of his preliminary-injunction and summary-judgment motions. Those materials are therefore central, not peripheral, to the Court's adjudication. Moreover, the significance of a text exchange may depend on the correspondent's role, relationship to Plaintiff, knowledge, and potential bias. Identifying the person communicating with Plaintiff is therefore necessary to understand the context and weight of the messages on which Plaintiff asks the Court to rely. *Amodeo* supports targeted protection of genuinely private information, not concealment of identities necessary to evaluate merits evidence.

**III. FACTS RELEVANT TO THE REDACTIONS:**

(1) Plaintiff placed the redacted versions of Docs. 25-1, 25-27, and 25-31 in the judicial record in connection with requests for judicial relief on June 30, 2026.

(2) The public text message exhibit discloses "Marty Skidmore" as a participant in text conversations with Plaintiff. (Doc. 25-27 at 121, 129, PageID 1259, 1267.)

(3) The public text-message exhibit redacts the correspondent's identity in a thread beginning at page 83 but leaves unredacted the statement: "Hello George! My name is Lynn Ratliff and Vanessa passed me your name." (Doc. 25-27 at 83, PageID 1221.) The exhibit later states: "Texted with Lynn Ratliff last night and confirmed again that it was ok to pass my info to the attorney." (Id. at 147, PageID 1285.) It likewise redacts Vanessa's name on one page while leaving it visible on the preceding page. (Id. at 105–06, PageID 1243–44.)

(4) The public text message exhibit discloses "KH" and "Kevin" as contact labels for a person texting with Plaintiff. (Doc. 25-27 at 77-82, PageID 1215-20.)

(5) Kevin Harleman's publicly filed deposition identifies him by full name and title as principal of Little Miami High School. (Doc. 25-3 at 5-6, PageID 413-14.) He testified that he and Plaintiff would "text here and there." (Id. at 60, PageID 427.)

(6) In Plaintiff's deposition, Plaintiff was asked whether "Kevin" reviewed an email before it was sent and answered "yes." The next question asks: "How are you communicating with [redacted], the principal?" The answer is also redacted. (Doc. 25-1 at 39, PageID 356.)

(7) The public text-message exhibit leaves "Carl" visible in several conversation headers and in a substantive message while redacting that contact elsewhere. (Doc. 25-27 at 7, 8, 19, 132, PageID 1145-46, 1157, 1270.)

(8) Together with Doc. 25-31, Plaintiff offers affidavits from three individuals. The text exhibit and Plaintiff's deposition reference approximately ten nonparty correspondents. (Doc. 25-1 at 26-30, PageID 353-54.)

(9) Plaintiff's Motion seeks to keep certain identities redacted while simultaneously identifying redacted individuals as being defendants in cases discussed in the Motion. (Doc. 31 at 4, PageID 2345.)

(10) The Court previously considered the social-media screenshots Plaintiff again cites and denied his request to proceed anonymously, finding "Plaintiff has not pointed to any credible threat of harassment or danger that he faced from this disclosure or could face if his name is used in these proceedings. Risk of embarrassment alone is not enough to warrant use of a pseudonym." (Order, Doc. 16 at 5, PageID 221.) Seven weeks later, Plaintiff testified that he had received no threats or other negative harm, that the Facebook post he identified was not threatening, and that, outside that post, there was "nothing." (Doc. 25-1 at 13-14, PageID 349-50.)

(11) The affiant at Doc. 25-31 seeks to conceal his identity based on a stated fear of online harassment, retaliation, doxing, and a possible future defamation suit. The affidavit identifies no threat, communication, or incident directed at the affiant. Although the affidavit invokes "retaliation," it identifies no threatened employment action, decisionmaker, or other mechanism of retaliation and states that the affiant had already resigned from the District. The affidavit otherwise offers substantive merits testimony concerning his District employment, service as GSA advisor, alleged Board animus, removal of safe-space stickers, and reasons for resigning. It also publicly discloses his educational credentials, subjects taught, approximate years of District employment, former GSA-advisor role, and resignation. (Doc. 25-31)

(12) The public record reveals, directly or by straightforward inference, much of the information Plaintiff seeks to conceal. Despite those public disclosures, Plaintiff identifies no harassment, doxing, intimidation, or other concrete injury arising from the judicial record beyond the single social-media post the Court previously considered and rejected.

## IV. The existing public redactions require information-specific review.

The Notation Order appropriately permits Plaintiff to file unredacted copies under seal so the Court may review the complete materials. The remaining question is whether every redaction in the public versions satisfies the compelling-interest and narrow-tailoring requirements governing judicial records. Plaintiff has not made that showing on a document-by-document and line-by-line basis.

Many of the existing redactions appear inconsistent with information Plaintiff has already placed on the public docket. The text-message exhibit publicly displays "Marty Skidmore," "Carl," "KH," "Kevin," Lynn Ratliff's full name, and Vanessa's first name while redacting the same or related identifiers elsewhere. Likewise, the public version of Doc. 25-31 discloses detailed information concerning the affiant's credentials, District employment, courses taught, service as GSA advisor, involvement in the safe-space-sticker dispute, and resignation. The Court can compare the sealed and public versions to determine whether the challenged redactions meaningfully protect information that is not already public.

The identities also matter to the Court's evaluation of the merits evidence. Plaintiff filed the affidavit, text messages, and deposition excerpts to support his preliminary-injunction and summary-judgment motions. The significance of those materials may depend on the witness's or correspondent's role, relationship to Plaintiff, personal knowledge, participation in the underlying events, and potential bias. Those considerations weigh against concealing identities necessary to

understand the context and evidentiary value of materials submitted to influence the Court's rulings.

Plaintiff's generalized concerns do not justify maintaining all existing redactions. The affidavits principally invoke possible online criticism, harassment, reputational injury, doxing, retaliation, or future litigation, but identify no concrete threat or injury caused by disclosure in this action. Plaintiff also provides no individualized evidence concerning most of the nonparty correspondents. One affiant's concerns cannot establish that every administrator, former employee, parent, friend, relative, or coworker faces the same clearly defined and serious injury.

Fear of possible future litigation likewise does not, without a concrete causal link, justify maintaining the existing redactions. The prior lawsuits described in Plaintiff's Motion arose from separate public statements or conduct, not from disclosure of identities in this judicial record. Plaintiff does not explain how identifying a witness or correspondent here would create a claim that otherwise would not exist, or how concealing the identity would prevent litigation based on separate speech. Ohio's Uniform Public Expression Protection Act also provides an expedited mechanism to dismiss covered claims, stays proceedings, and mandates attorney's fees, costs, and litigation expenses when relief is granted. Ohio Rev. Code §§ 2747.02–.05. The possibility of future litigation therefore remains speculative and does not establish the clearly defined and serious injury required by *Shane Group* and *Grae*.

Defendants recognize that targeted protection may remain appropriate for personal telephone numbers, personal email addresses, residential addresses, children's identities, protected education-record information, private child-related communications, and properly supported privileged communications. But those limited categories do not justify wholesale concealment of names, contact labels, communication methods, and substantive evidence. Plaintiff should be

required to identify each proposed redaction by document, page, and line, state the specific interest asserted, provide evidence of the anticipated injury, and explain why a narrower alternative would not suffice.

## CONCLUSION

Plaintiff has not shown that every existing public redaction satisfies the governing Sixth Circuit standard. Defendants therefore respectfully request that the Court: (1) clarify that the August 5, 2026 Notation Order authorized filing of the unredacted materials under seal for the Court's review but did not finally approve each public redaction; and (2) after reviewing the unredacted materials, direct Plaintiff to file public versions containing only those redactions supported by compelling, information-specific reasons and narrowly tailored under *Shane Group* and *Grae*. Alternatively, Defendants request partial reconsideration to that extent.

Respectfully submitted,

/s/Omar Tarazi_____

Omar Tarazi (0084165)
Counsel for Defendants
5635 Sandbrook Lane
Hilliard, Ohio 43026
(614) 226-2823
otarazi@tarazilaw.com

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was served on the Plaintiff's counsel on this 8/5/2026 by e-mail.

/s/Omar Tarazi_____