**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

GEORGE McINTYRE,

Plaintiff,

v.

LITTLE MIAMI LOCAL SCHOOL DISTRICT, et al.,

Defendants.

Case No. 1:26-cv-00351-MWM

Judge Matthew W. McFarland

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM CONTRA PLAINTIFF'S MOTION TO ACCELERATE TRIAL (DOC. 27)**

Defendants incorporate their July 2, 2026 Memorandum Contra (Doc. 30). This memorandum is limited to addressing discovery since that filing and its effect on Plaintiff's request to accelerate trial. On August 3, 2026, chambers advised the parties that the Court would permit limited additional discovery concerning the affidavit filed at Doc. 29-31. Defendants completed the affiant's deposition on August 14, 2026, as contemplated by the parties' proposed schedule. Doc. 37. That deposition cured the discrete inability to test the affidavit identified in Defendants' original opposition. It did not establish that the present record is complete for trial.

The proposed schedule addresses the briefing schedule for Plaintiff's Motion for Summary Judgment. Doc. 37. Defendants also intend to file a cross-motion for summary judgment on the threshold legal question. A ruling granting either party's dispositive motion may resolve the case and eliminate any need for a consolidated trial.

Defendants do not oppose resolving the preliminary-injunction motion on the same record submitted with the summary-judgment briefing, nor do they oppose deferring any trial until the dispositive motions are resolved. But the completion of one supplemental deposition does not make the expedited preliminary-injunction record a complete trial record. As Doc. 37 expressly preserves, Defendants have not agreed that the existing record is adequate for trial or

waived ordinary merits discovery. The Court has not entered a Rule 16(b) merits schedule, and discovery has remained confined to the limited scope, 30-day period, and five-deposition cap imposed by the expedited-discovery order.

Defendants respectfully request that the Court first resolve the pending and forthcoming summary-judgment motions. Defendants oppose accelerating a merits trial on the existing limited expedited-discovery record. Plaintiff's request for acceleration is difficult to square with his current position: his preliminary-injunction motion will soon be fully briefed on the expedited record developed for that purpose, yet he now proposes deferring its resolution until after the summary-judgment motions are decided and, if claims remain, resolving it at trial. Defendants do not oppose such deferral and consolidation, provided that, if claims remain, the parties receive a reasonable opportunity for ordinary merits discovery and trial preparation.

Respectfully submitted,

/s/ Omar Tarazi__________
Omar Tarazi (0084165)
5635 Sandbrook Lane
Hilliard, Ohio 43026
Ph: (614) 226-2823
otarazi@tarazilaw.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17th, 2026, a copy of the foregoing was filed and served upon all counsel of record via the Court's CM/ECF system.

/s/ Omar Tarazi____________
Omar Tarazi (0084165)