**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| GEORGE MCINTYRE<br><br>Plaintiff<br><br>v.<br><br>LITTLE MIAMI SCHOOL DISTRICT, ET AL<br><br>Defendants | Case No. 1:26-cv-00351-MWM<br><br>Judge: Matthew W. McFarland<br><br>REPLY TO RESPONSES TO MOTION TO ACCELERATE TRIAL AND COMBINE TRIAL ON THE MERITS WITH A HEARING ON PLAINTIFF'S PENDING MOTION FOR PRELIMINARY INJUNCTION |

Plaintiff respectfully submits this Reply to the Responses to the Motion to Accelerate Trial. (Doc.27, Doc.30, Doc.39.)

Plaintiff respectfully makes a few observations:

1. Defendants' Opposition is difficult to respond to because it is untethered to any doctrinal analysis.[1] Defendants cite no cases yet make broad legal claims while barely addressing Rule 65(a)(2) or 18 U.S.C. § 1657(a). Defendants fail to direct the Court to any contrary authority or address the best way to resolve the issue that the Court must ultimately decide: whether the decision to remove the Hate Has No Home Here Flag violated Plaintiff's First Amendment rights under the test for government employee

[1] Defendants' memoranda appears to contain significant portions generated by AI. (*See* https://www.pangram.com/history/c6297750-288f-4053-8e03-6ad71cf5ad02 (describing Supplemental Memorandum as 80% AI).) While the use AI is not by itself objectionable (no cases are cited so there is no opportunity for hallucinations), the use of AI tends to throw in lots of chaff that causes confusion while favoring a confrontational approach. *See e.g.* Guardian, *'I'll key your car': ChatGPT can become abusive when fed real-life arguments, study finds,* April 21, 2026 (noting that AI has a tendency to make a big deal of small misunderstandings and be more adversarial than is appropriate; "as AI systems are increasingly deployed in areas such as governance or international relations… it opened up questions about how they might respond to conflict, pressure or intimidation").

speech established by the Supreme Court in *Connick v. Myers*, 461 U.S. 138 (1983), *Garcetti v. Ceballos*, 547 U.S. 410 (2006), *Pickering v. Board of Education*, 391 U.S. 563 (1968), and *Kennedy v. Bremerton School Dist.*, 597 U.S. 507 (2022).

2. Much of the Opposition focuses on an irrelevant tangent related to the mechanics of the District's policies and procedures. Def. Memo. at PageID#2340. Defendants also appear, in the Supplemental Memorandum, to misunderstand Plaintiff's suggestion for the prompt and efficient resolution of this case. Def. Supp. Memo. at PageID#2943. To clarify:

- Plaintiff believes this case can be quickly resolved on summary judgment, as there is no dispute of fact that Defendants are unable to meet their burden of showing that the interest of the District, as an employer, in promoting the efficiency of the public services outweighs Plaintiff's interest in engaging in constitutionally protected speech on a matter of public concern.
- To the extent that the Court believes there is an issue of fact which would make summary judgment inappropriate, then Plaintiff believes that consolidating the Motion for Preliminary Injunction with a trial on the merits, and proceeding in an expedited fashion, will facilitate the prompt, inexpensive, and just disposition of this action.

3. Defendants originally claimed that "the Parties have not completed merits discovery" and that the record developed so far is a "limited, incomplete, and partially shielded preliminary-injunction record." Def. Memo. at PageID#2338-2339. Defendants' original Opposition focused on discovery issues that have already been addressed by the Court. Defendants, in their Supplemental Memorandum, acknowledge that these issues have been resolved but continue to assert that "the expedited preliminary-

injunction record" is not "a complete trial record."[2] Def. Supp. Memo. at PageID#2942. Defendants fail to address the facts they allegedly need to uncover through additional discovery with any specificity. The Supplemental Memorandum, in particular, fails to explain how any additional facts Defendants might hope to uncover would affect the Court's decision on any of the pending motions.

4. Defendants fail to suggest any reason this matter cannot, if necessary, immediately proceed to trial. All relevant documents have been exchanged and all the key players have been deposed. Defendants do not describe what particular relevant material facts they hope to bring to light and explain why they could not have previously discovered the information. Defendants, specifically, fail to identify what documents they wish to have produced or any additional persons sought to be deposed. Defendants, further, make no effort to explain why any additional discovery is necessary to enable them to prepare for trial. Discovery is not intended to be limitless and the resolution of this matter should not be delayed merely because Defendant seek to undertake 'fishing expeditions' in hopes of developing a meritorious defense at the eleventh hour. *Cf. Am. Mun. Power v. Voith Hydro,* S.D.Ohio No. 2:17-cv-708, 2022 U.S. Dist. LEXIS 17570, at *6 (Feb. 1, 2022) ("the Court is familiar with tendencies toward leaving not even the tiniest pebble unturned, sometimes to questionable avail"); *White v. Honda of Am. Mfg.*, S.D.Ohio No. 2:07-CV-216, 2008 U.S. Dist. LEXIS 112102, at *15 (Dec. 31, 2008) (noting that a "broad discovery approach is not

[2] Defendants repeatedly use phrases like "complete trial record" or "complete merits record." It is not completely clear what this means, as a "complete trial record" would be developed at, and not before, a trial. *Cf. K & T Enters. v. Zurich Ins. Co.*, 97 F.3d 171, 174 (6th Cir. 1996) (distinguishing between the "complete trial record" and "the incomplete pretrial record available at summary judgment").

synonymous with unlimited discovery"); *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing'…").

***Wherefore,*** the Court should accelerate a merits-based decision in this case by Consolidating the Motion for Preliminary Injunction with a trial on the merits, and proceeding in an expedited fashion, pursuant to Federal Rule of Civil Procedure 65(a)(2).

Respectfully submitted,

/s/ Joshua Engel

Joshua Adam Engel (OH 0075769)
Jim Hardin (0056247)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's electronic filing system this August 18, 2026 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel