**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| GEORGE MCINTYRE | Case No. 1:26-cv-00351-MWM |
| Plaintiff | Judge: Matthew W. McFarland |
| v. | |
| LITTLE MIAMI SCHOOL DISTRICT, ET AL | RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| Defendants | ORAL ARGUMENT REQUESTED |

Plaintiff respectfully submits this Response to Defendants' Motion for Summary Judgment (Doc.43).

This case involves the application of the test for government employee speech established by the Supreme Court in *Connick v. Myers*, 461 U.S. 138, 140 (1983), *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and *Pickering v. Board of Education*, 391 U.S. 563 (1968). Under this test, the Court must weigh the Plaintiff's free speech interest in displaying a Hate Has No Home Here Flag against the interest of the District, as an employer, in promoting the efficiency of the public services. *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000), *citing Pickering*, 391 U.S. at 568. As noted in Plaintiff's other filings, the Supreme Court's decision in *Kennedy v. Bremerton School Dist.*, 597 U.S. 507 (2022), refutes much of Defendants' arguments.

Many of Defendants arguments are previously addressed in Plaintiff's Motion for Summary Judgment (Doc.26) and the Reply to the Opposition to the Motion for Summary Judgment (Doc.48). This Response, in the interest of brevity and efficiency, will incorporate these previously filed memoranda as appropriate.

## FACTS

Plaintiff incorporates the Proposed Undisputed Facts previously filed (Doc26-1.)

## ARGUMENT

### A. *Pickering* Step One: There Is No Issue Of Fact That In Displaying The Flag Plaintiff Was Speaking As A Citizen Rather About A Matter Of Public Concern

Defendants previously conceded that the message conveyed on the Hate Has No Home Here Flag related to matters of political, social, or other concern to the community. *See* Plaintiff's Motion for Summary Judgment, Doc.26, PageID#1322-1323.

There is no dispute of fact that teachers in the Little Miami School District routinely post personal expressive items related to matters of public concern on classroom walls. There is also no dispute that the School District does not have any policy limiting these displays. (Response to Interrogatories, Doc.25-7, PageID#482; Harleman Depo., Doc.25-3, PageID#420.) The District's 30(b)(6) witness acknowledged that teachers can post things that are not necessarily curriculum-related on their school walls and that: (i) simply because a display is on the wall does not mean the display is related to the curriculum; and (ii) simply because it's on the wall doesn't mean that the Little Miami Schools is endorsing that viewpoint. (Wallace Depo., Doc.25-4, PageID#459.) This does not mean that the District lacks any ability to control the messages conveyed to students while the students are required to be present in the classroom for learning. Instead, in the absence of a viewpoint neutral policy, with respect to items a teacher posts on the classroom wall, the District would need to engage in a *Pickering* balancing analysis and could prohibit only those items that are not protected expressions or undermine the efficient delivery of services to students.

Defendants devote a single sentence to the Supreme Court's decision in *Kennedy*. Def. Memo. at PageID#3168. Plaintiff incorporates the discussion of *Kennedy* in the Reply to the Response to the Motion for Summary Judgment. Pl. Reply, Doc.48, PageID#3493, fn. 1. One additional point on *Kennedy*: Defendants suggest that *Kennedy* is distinguishable because the coach in *Kennedy* was "off the

clock." Def. Memo. at PageID#3168, *citing Wood v. Florida Dept. of Edn.*, 142 F.4th 1286 (11th Cir. 2025). The phrase "off the clock" does not appear in the *Kennedy* decision, however.

Defendants, nonetheless, essentially suggest that within the four walls of the classroom, and perhaps most of the school building, teachers never speak as private citizens and thus retain no speech protections whatsoever. *Compare* Def. Memo. at PageID#3164 ("The District remained responsible for the wall as part of the teaching environment; it was not Plaintiff's private platform."). This restrictive approach cannot be reconciled with the Supreme Court's longstanding admonition that "teachers [do not] shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969).[1] Nor can it be reconciled with the *Kennedy* Court's statement that not "everything teachers… say in the workplace [is] government speech subject to government control." 597 U.S. at 530-31.

Defendant's arguments would mean that the First Amendment and its strictures on compelled speech now evaporate any time a teacher seeks to "communicate with the students he taught." Def. Memo. at PageID#3164. This expansive approach is inconsistent with *Lane v. Franks*, 573 U.S. 228 (2014). The *Lane* Court emphasized that "critical question" under *Pickering* and *Garcetti* is not whether the speech "concerns information" within the scope of an employee's duties, but "whether the speech at issue is itself ordinarily within the scope of an employee's duties." After *Lane*, the Sixth Circuit observed that the *Garcetti* exception to First Amendment protection for speech "owes its existence to a public employee's professional responsibilities" must be read narrowly as "speech that an employee

[1] Schools are not supposed to be "enclaves of totalitarianism." *Tinker*, 393 U.S. at 506. To the contrary, the classroom is the most cherished "marketplace of ideas" where a "robust exchange" of competing viewpoints is encouraged. *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967). This case presents the risk of creating "a pall of orthodoxy over the classroom," *id.,* instead of an environment where "[t]eachers and students… remain free to inquire, to study and to evaluate, [and] to gain new maturity and understanding." *Sweezy v. State of N.H. by Wyman*, 354 U.S. 234, 250 (1957).

made in furtherance of the ordinary responsibilities of his employment." *Boulton v. Swanson*, 795 F.3d 526, 533 (6th Cir. 2015). *See also Mayhew v. Town of Smyrna*, 856 F.3d 456, 464 (6th Cir. 2017) (same).

The case comes down to not whether displaying the Hate Has No Home Here Flag was part of McIntyre's ordinary job duties, but whether displaying the Hate Has No Home Here Flag was part of his ordinary job duties to convey the school-sponsored message that the Hate Has No Homere Here carried. The answer to the latter question is "no." McIntyre is a high school history teacher who is paid to teach history consistent with the appropriate state content standards. Defendants make much of the fact that the Flag was displayed in the classroom setting and during class time and that it had a "profession, student-directed purpose. Def, Memo. at PageID#3163. But it is not dispositive that McIntyre's display took place within the school environment. *Kennedy*, 597 U.S. at 530. Instead, this Court should apply the more rigorous test under *Hazelwood School Dist. v. Kuhlmeier*, 484 U.S. 260 (1988), and *Evans-Marshall v. Bd. of Edn. of the Tipp City Exempted Village School Dist.*, 624 F.3d 332 (6th Cir. 2010), to determine whether the Hate Has No Home Here was personal expression or part of the curriculum. This test does not rely on cherry-picking parts of a teacher's syllabus or emails (often out of context) to find language that is 'connected to' or 'applicable' to matters taught in the classroom. *Compare* Def. Memo. at PageID#3163-3164. Instead, under this speech is curricular, and outside of First Amendment protections, if (i) the subject matter of the speech is actually taught in a regularly offered course; and (ii) parents and students would understand that the speech was school-sponsored.

As shown in Plaintiff's Motion for Summary Judgment, the Hate Has No Home Here Flag is not curricular or used for teaching purposes and, therefore, is not curricular under the *Hazelwood* and *Evans-Marshall* analysis. Pl. Motion, Doc.26, PageID#1323-1325; Pl. Reply, Doc.48, PageID#3495-3500. Plaintiff incorporates this discussion. The record is clear that McIntyre did not use the Hate Has No Home Here Flag for instructional purposes, and nobody perceived the Hate Has No Home

Here Flag as school-sponsored. Accordingly, it was not "in-class curricular speech" or otherwise pursuant to McIntyre's ordinary job duties and, therefore, not unprotected speech outside of the *Garcetti-Pickering* analysis.

### B. *Pickering* Step Two: Defendants Do Not Have Any Evidence To Meet Their Burden Of Showing Plaintiff's Interest In Speaking Is Outweighed By The District's Interests In Promoting The Efficient Delivery Of Public Services

Defendants do not address step two of the *Pickering* analysis in the Motion.

### C. The Cases Cited By Defendants Are Inapposite.

Defendants, in their Motion for Summary Judgment, rely on *Wood, supra.*, *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954 (9th Cir. 2011), *Theis v. Intermountain Edn. Serv. Dist. - Bd. of Dirs.*, 182 F.4th 1091 (9th Cir. 2026), and *Cahall v. New Richmond Exempted Village School Dist. Bd. of Edn.*, S.D.Ohio No. 1:24-cv-688, 2025 U.S. Dist. LEXIS 191640 (Sep. 29, 2025). None of these decisions change the question at the heart of the Sixth Circuit's decision in *Evans-Marshall*: whether the speech in question was "in-class curricular speech." *See supra* and Pl. Motion, Doc.26, PageID#1323-1325; Pl. Reply, Doc.48, PageID#3495-3500. Plaintiff incorporates the discussion of these cases found in Plaintiff's Reply to the Response to the Motion for Summary Judgment, Doc.48, PageID#3497, fn. 5, and PageID#3505, fn. 11. Plaintiff additionally observes that the broad reading of these non-binding decisions would be in conflict the Sixth Circuit's cases holding that objections to the mandated use *in classrooms* of gender-based pronouns for transgender students are protected views and forms of expression under the First Amendment. *Defending Education v. Olentangy Local School District Board of Education*, 158 F.4th 732 (6th Cir. 2025) (granting preliminary injunction enjoining a public school district policy prohibiting students from using pronouns for peers other than their preferred pronouns); *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021) (holding a professor stated a plausible violation of the First Amendment when he was punished for refusing to call a transgender student by their preferred pronouns).

The other cases cited by Defendants are either inapposite or support Plaintiff. *Cajune v. Indep. School Dist. 194*, 105 F.4th 1070 (8th Cir. 2024), supports Plaintiff. In *Cajune*, the Eighth Circuit held that the decision of individual teachers to post BLM posters in their classrooms was private, not government, speech. The court reasoned that, like in this case, individual teachers had the "discretion" to determine what would be displayed in the classroom and "were not required to display the posters." 105 F.4th at 1080. This contrasts with the later Eight Circuit decision cited by Defendants, *Thomas v. Marshall Pub. Sch.*, 152 F.4th 884, 887-888 (8th Cir. 2025). In that case, a middle school principal used school funds and staff to create a display in a common area of the school and took other actions in her professional capacity to pressure the teachers she supervised.

**D. The Board's Action Is Not Immunized Simply By Asserting An Allegedly Viewpoint Neutral Explanation**

Plaintiff incorporates the discussion in the Reply to the Response to the Motion for Summary Judgment. Pl. Reply, Doc.48, PageID#3501-3505.

## CONCLUSION

The Motion should be denied and Judgment should be entered in favor of Plaintiff.

Respectfully submitted,

/s/ Joshua Engel
Joshua Adam Engel (OH 0075769)
Jim Hardin (0056247)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's electronic filing system this September 14, 2026 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel